IN THE UNITED STATE DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

| | |
|---|---|
| ANTHONY J. QUARTARONE, Individually, and ANTHONY J. QUARTARONE, as next of friend of MARIO QUARTARONE, a minor, | )<br>)<br>)<br>)  C.A. No. 04-380-SLR |
| Plaintiffs, | )<br>)<br>) |
| v. | )  Trial By Jury Demanded<br>)<br>) |
| KOHL'S DEPARTMENT STORES, INC.<br>A Delaware Corporation. | )<br>)<br>)<br>) |
| Defendant | ) |

**BRIEF IN SUPPORT OF DEFEDANT'S
MOTION FORSUMMARY JUDGMENT**

                       **RAYMOND W. COBB, LLC**

                       Raymond W. Cobb
                       Bar ID: 2653
                       Three Mill Road
                       Suite 206
                       Wilmington, DE  19806
                       (302) 777-4100
                       Attorney for Defendant

Date:  April 4, 2005

**TABLE OF CONTENTS**

| | |
|---|---|
| TABLE OF AUTHORITIES………………………………………………… | ii |
| STATEMENT OF CASE……………………………………………………… | 1 |
| STATEMENT OF FACTS…………………………………………………….. | 2 |
| SUMMARY OF ARGUMENT……………………………………………….. | 4 |
| ARGUMENT………………………………………………………………… | 5 |
|     I.    ADULT PLANTIFF FAILS TO STATE A VALID CLAIM FOR FALSE IMPRISONMENT OR UNDER 42 *U.S.C.A.* §1981…………………………………………………………… | 5 |
|     II.   ADULT PLAINTIFF FAILS TO PROVE A VALID MALICIOUS PROSECUTION CLAIM………………………… | 9 |
|     III.  MINOR PLAINTIFF HAS NO LEGAL CLAIMS AGAINST DEFENDANT……………………..……………….… | 10 |
| CONCLUSION……………………………………………………………… | 12 |

## TABLE OF AUTHORITIES

*Celotex Corporation v. Catrett*, 477 U.S. 317 (1986)……………………………….   5

*Lewis v. J.C. Penney Company, Inc.*, 948 F.Supp. 367 ( D.Del. 1996)………...   7, 8

*Lloyd v. Jefferson*, 53 F.Supp.2d 643 (D.Del 1999)…………………………….   5

*Saint Francis College v. Al-Khazraji*, 481 U.S. 604 (1987)…………………….   8

*Wiers v. Barnes*, 925 F.Supp. 1079 (D.Del. 1996)……………………………..   9, 10

42 *U.S.C.A.* §1981……………………………………………………………   7, 9, 10

Federal Rule Civil Procedure 56(c)……………………………………………….   5

11 Delaware Code §840……………………………………………………..   6

11 Delaware Code §1904…………………………………………………….   7

Case 1:04-cv-00380-SLR   Document 22   Filed 04/04/2005   Page 3 of 16

## STATEMENT OF CASE

Plaintiffs Anthony Quartarone individually, as a guardian for the minor Plaintiff, Mario Quartarone, filed a two-count Complaint against Defendant Kohl's Department Store (hereinafter "Kohl's") alleging that Kohl's falsely imprisoned and falsely arrested the plaintiffs. Additionally, Plaintiffs alleged that Kohl's violated of 42 *U.S.C.A.* §1981 and maliciously prosecuted the Plaintiffs.

Pursuant to the deadline imposed by the Case Scheduling Order, Kohl's now moves pursuant to Federal Rule of Civil Procedure 56 for Summary Judgment on both Counts of the Complaint

**STATEMENT OF FACTS**

In March 2002, the Plaintiffs (father, Anthony J. Quartarone and son, Mario Quartarone), together with another adult male, entered the Defendant's establishment, a Kohl's department store. The adult Plaintiff collected several items to purchase. While shopping, Defendant's security personnel observed via surveillance cameras (the incident was videotaped) that, the adult Plaintiff placed a pair of new shoes on his minor son. Plaintiff then returned the empty shoe box to the display. Plaintiff placed the shoes that the minor Plaintiff had worn while entering the store, in a shopping cart. Later, the adult Plaintiff was observed removing the old shoes from the shopping cart and hiding his son's old shoes in the store. Subsequently, Plaintiff entered the cash register line. The adult Plaintiff purchased several items which amounted to $171.95. Importantly, the adult Plaintiff did not purchase the new shoes. The Plaintiffs proceeded to leave the store. Before reaching the door, the adult Plaintiff was stopped by the security personal employed by the Defendant. The minor Plaintiff was still wearing a pair of shoes that the adult Plaintiff had not purchased.

The adult Plaintiff was then taken by security personal to a room for questioning. The minor Plaintiff and the other adult male accompanied the adult Plaintiff. The adult Plaintiff alleged that he had forgotten that the minor Plaintiff was wearing the shoes. The Defendant summoned the Delaware State Police and the adult Plaintiff was arrested and charged with shoplifting.

Plaintiffs alleged that they were surveyed by video camera because of their Hispanic appearance. Adult Plaintiff is in fact of Italian national origin and minor

Plaintiff is Bulgarian national origin. (Plaintiff's Answer to Defendant's First Set of interrogatories (see Appendix p. 2)

Plaintiffs also allege that the Defendant has prevented the Plaintiffs from contracting with the Defendant in the same manner as white citizens and has violated 42 *U.S.C.A.* §1981. In addition, Plaintiffs claim that Defendant has maliciously prosecuted them.

**SUMMARY OF ARGUMENT**

1. Plaintiffs' false imprisonment claim against Defendant, a retail establishment, fails because the detention was privileged under the merchant's privilege granted by 11 *Del.C.* §840(d).

2. The false arrest claim alluded to by the Plaintiffs in their complaint fails because a personal investigation was conducted by a store employee and the Delaware State police made the choice to charge and arrest the Plaintiffs.

3. Plaintiffs claims of a violation of 42 *U.S.C.A.* §1981 fail for two reasons. First, the Plaintiffs are not part of a protected racial minority group. They allege that they were discriminated against because of their Hispanic appearance, but in fact, the Plaintiffs are Italian and Bulgarian, thus white males. Secondly, the Plaintiffs have not presented any evidentiary support of discrimination concerned with one or more of the activities enumerated in Section 1981.

4. The malicious prosecution claim fails because it is the State of Delaware's decision to enforce Delaware state law not. It is the State as opposed to Defendant Kohl's that was responsible for instituting criminal charges against the adult Plaintiff.

## ARGUMENT

**Standard of Review**

Defendant Kohl Department Stores, Inc. ("Kohl's") a retail company moves for summary judgment pursuant to Federal Rules of Civil Procedure 56. Summary Judgment shall be granted when, on the record before the Court, "there is no genuine issue as to any material fact and … the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P 56(c).

As the Supreme Court held in Celotex Corporation v. Catrett, 477 U.S. 317, 322-323 (1986):

> The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

**I.   ADULT PLANTIFF FAILS TO STATE A VALID CLAIM FOR FALSE IMPRISONMENT OR UNDER 42 *U.S.C.A.* § 1981.**

Plaintiff brings an action with two counts. The Plaintiffs allege in the first Count, a claim for false imprisonment, false arrest and a violation of 42 *U.S.C.A.* §1981. The Plaintiff's assertion for their false imprisonment claim is based upon the detention by the Defendant while the police were being summoned.

A claim for false imprisonment against a defendant will survive if: "(a) he acts intending to confine the other or a third person within boundaries fixed by the actor, and (b) his acts directly or indirectly results in such a confinement of the other, and (c) the other is conscious of the confinement or is harmed by it." Lloyd v. Jefferson, 53

F.Supp.2d 643, 672 (D.Del. 1999). However, there are specific instances in which privileges apply to allow for the lawful detention of certain individuals. In this case, the merchant's privilege under Title 11 of the Delaware Code Section 840 applies to the detention of the Plaintiff, Anthony Quartarone.

Lawful detention can be based upon probable cause to believe that the plaintiff had committed the crime of shoplifting. Title 11 of the Delaware Code, Section 840 provides in pertinent part that:

> (c) A merchant, a store supervisor, agent or employee of the merchant 18 years of age or older, who has probable cause for believing that a person has intentionally concealed unpurchased merchandise or has committed shoplifting as defined in subsection (a) of this section, may, for the purpose of summoning a law-enforcement officer, take the person into custody and detain the person in a reasonable manner on the premises for a reasonable time.
>
> (d) A merchant, a store supervisor, agent or employee of the merchant 18 years of age or older who detains, or a merchant, a store supervisor, agent or employee of the merchant who causes or provides information leading to the arrest of any person under subsection (a), (b) or (c) of this section, shall not be held civilly or criminally liable for such detention or arrest provided they had, at the time of such detention or arrest, probable cause to believe that the person committed the crime of shoplifting as defined in subsection (a) of this section.

The evidence of record in this case establishes that The Defendant had probable cause to detain the Plaintiffs based upon the fact that the Plaintiff, Anthony Quartarone was observed trying to leave the store with unpaid merchandise. Plaintiff acknowledged that his son was wearing sneakers that had not been purchased as he was leaving the Kohl's store (see Paragraphs 11 and 13 of the Complaint). Moreover, Plaintiff Anthony Quartarone had hidden the shoes his son had worn into the store. This concealment of

6

the "old" shoes coupled with the failure to pay for the "new" shoes constitutes probable cause.

The adult Plaintiff also seems to alleges a claim for false arrest. This claim is misdirected towards the Defendant. The Delaware State police made the decision to charge the adult Plaintiff with the criminal charge. Based upon Delaware law, the charging of the Plaintiffs with shoplifting charges is valid because there were reasonable grounds to believe the act of shoplifting had been committed. Title 11 of the Delaware Code Section 1904, provides in pertinent part that:

> (a) An arrest by a peace officer without a warrant for a misdemeanor is lawful whenever the officer has reasonable ground to believe that the person to be arrested has committed a misdemeanor:
>
> (3) Out of the officer's presence and within the State for the crime of shoplifting and the arrest is based upon personal investigation at the scene of arrest and where a store employee is present who has observed the activity of the person to be arrested and that person is still present;

Plaintiffs also contend that the Defendant has violated 42 *U.S.C.A.* §1981 by prohibiting Plaintiffs from contracting with the Defendant in the same manner as white citizens (see Paragraph 20 of the Complaint). In order to succeed, in a 1981 claim, the "plaintiffs must establish a prima facie case as follows: (1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; (3) the discrimination concerned one or more of the activities enumerated in section 1981." *Lewis v. J.C. Penney Company, Inc.*, 948 F.Supp. 367, 371 (D.Del. 1996).

Neither of the Plaintiffs are members of racial minority groups. Contrary to the allegations made in the Complaint (Paragraph 5) the adult Plaintiff is Italian and the

7

minor Plaintiff is Bulgarian according to discovery responses filed by Plaintiffs. National origin status alone is not sufficient to support a Section 1981. The Supreme Court has decided a person alleging discrimination under Section 1981 must "prove that he was subjected to intentional discrimination based on the fact that he was born an [Arab], rather than solely on the place or nation of his origin, or his religion…" *Saint Francis College v. Al-Khazraji*, 481 U.S. 604, 613 (1987).

In addition, to the Plaintiffs failing to be within the class of a racially protected minority, Plaintiffs have presented no discriminatory facts regarding any interference of contracting with the Defendant. The "plaintiff[s] must point to some contractual relationship with [Kohl's] in order to bring … [the] claim." *Lewis*, 948 F.Supp. at 371. As this court has previously noted a "nebulous contract theory" is not sufficient to meet the contract requirement of section 1981. *Id.* at 371-372. Plaintiff's counsel in *Lewis* argued to the court that there existed "an unstated, unwritten contract between commercial establishments and the public, that all who enter premises of the former will be treated equally regardless of race." *Id.* "Allowing plaintiff to proceed under such a theory would come close to nullifying the contract requirement of section 1981 altogether, thereby transforming the statute into a general cause of action for race discrimination in all contexts." *Id.* In this case, the Defendant in no way refused to contract with the Plaintiffs. The Plaintiff, Anthony Quartarone had conducted his purchases, with the exception of the items that he was stealing from the store, and as he was leaving the store, was confronted regarding unpaid merchandise. The claims made by Quartarone, are similar those made in the case of *Lewis v. J.C. Penney Company, Inc*. In *Lewis*, Judge Schwartz found that the plaintiff was seeking "a federal remedy for being

8

stopped and interrogated with respect to suspected shoplifting. Section 1981 does not provide that remedy, *see Morris v. Office Max, Inc.*, 89 F.3d 411 (7th Cir.1996)...." *Lewis*, 948 F.Supp. at 372.

The Plaintiffs' false imprisonment is without merit due the merchant privilege granted to retail establishments. The alleged civil rights violation fails due to the fact that Plaintiffs are not members of any protected minority class and the Defendant has in no way interfered with any of the protected activities under 42 *U.S.C.A.* §1981.

### II.    ADULT PLAINTIFF FAILS TO PROVE A VALID MALICIOUS PROSECUTION CLAIM.

Count II of the Plaintiffs' complaint alleges a malicious prosecution claim against the Defendant. It is the Plaintiffs' belief that the Defendant was responsible as the charging party for the criminal charges brought against the adult Plaintiff in the Court of Common Pleas, *State of Delaware v. Anthony Quartarone*, Criminal Action No.: 02-03-010446. However, it was the State of Delaware that brought the charges against the adult Plaintiff.

In order for a plaintiff to succeed on a malicious prosecution claim, each of the following elements must be proved:

> (1) Prior institution or continuation of some regular judicial proceedings against the plaintiff in this action; (2) such former proceedings must have been by or at the instance of the defendant in this action; (3) the former proceedings must have terminated in favor of the plaintiff herein; (4) there must have been malice in instating the former proceedings; (5) there must have been a lack of probable cause for the institution of the former proceedings; (6) there must have been injury or damage to plaintiff from the former proceedings."

*Wiers v. Barnes*, 925 F.Supp. 1079, 1093 (1996).

In this matter, the Plaintiffs have failed to prove the second and fourth elements. The Plaintiffs have failed to provide any testimony from which any inference of malice on the part of the Defendant can be drawn in instituting the former criminal proceedings. Plaintiffs also imply that the Defendant was responsible for the institution of the former proceeding. This is incorrect. "The decision to prosecute violations of Delaware law is left to the discretion of the State: absent some affirmative evidence of malice or want of probable cause, this Court will not entertain a claim for malicious prosecution." *Id.* at 1093.

The Plaintiffs have failed to present neither any evidence of malice on the part of the Defendant nor any evidence that the Defendant was responsible for the institution of the charges. The Plaintiffs' claim of malicious prosecution is without any merit.

### III.   MINOR PLAINTIFF HAS NO LEGAL CLAIMS AGAINST DEFENDANT.

Defendant incorporates by reference the Arguments in this Brief made in support of Summary Judgment against the claims of Anthony Quartarone.

The minor Plaintiff, Mario Quartarone has also brought the identical claims as his father, Anthony Quartarone against Kohl's. Minor Plaintiff's claims are without legal or factual merit. The minor Plaintiff was never detained by the Defendant or accused of shoplifting. To the extent that it is alleged that the Defendant detained adult Plaintiff for the crime of shoplifting, the minor Plaintiff accompanied his father on his own will or at the request of his father. There is no factual basis to assert that Defendant took any action regarding the minor Plaintiff, therefore, claims brought in Count I of the

Complaint must fail. In addition, no criminal charges were ever brought against the minor Plaintiff therefore eliminating any malicious prosecution claim asserted in Count II of the Complaint.

## CONCLUSION

For the foregoing reasons, Defendant Kohl's respectfully request that this Court grant the Motion for Summary Judgment and enter judgment in its favor and against the Plaintiffs.

Respectfully Submitted,

 /s/ Raymond W. Cobb
Raymond W. Cobb.
Three Mill Road
Suite 206
Wilmington, DE  19806
(302)-777-4100
Attorney for Defendant

**CERTIFICATE OF SERVICE**

      **I, Raymond W. Cobb,** hereby certify that on this 4th day of April, 2005 I caused to be served upon counsel two true and correct copies of the Motion and Brief and Appendix for Summary Judgment via U.S. Mail postage prepaid to the following:

      Gary W. Aber, Esquire
      Aber, Goldlust, Baker & Over
      702 King Street
      P O Box 1675
      Wilmington, DE  19899

        /s/ Raymond W. Cobb
      RAYMOND W. COBB
      Three Mill Road
      Suite 206
      Wilmington, DE  19806
      (302) 777-4100
      Attorney for Defendant