## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

ANTHONY J. QUARTARONE,               )
Individually, and ANTHONY J.         )
QUARTARONE, as next of friend of     )
MARIO QUARTARONE, a minor,           )        C.A. No.  04-380 (SLR)
                                     )
        Plaintiffs,                  )
                                     )
    v.                               )
                                     )
KOHL'S DEPARTMENT STORES, INC.       )
a Delaware Corporation.              )
                                     )
        Defendant                    )

## AFFIDAVIT/MOTION PURSUANT TO RULE 56(f) IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

STATE OF DELAWARE          )
                           ) SS.
COUNTY OF NEW CASTLE       )

Gary W. Aber, being duly sworn according to law did depose, say, and move that this Court refuse the application for summary judgment, and to order a continuance of this proceeding to permit depositions and discovery. The basis for this motion is as follows:

1.    He is the attorney representing the plaintiff in the above-captioned matter.

2.    A complaint in the above-captioned matter was filed in the Superior Court of the State of Delaware on March 12, 2004.

3.    By Notice of Removal, the defendant moved this matter to this Court on June 16, 2004 (Dk-1).

4.    A Scheduling Conference was held before this Court on August 4, 2004, in which a schedule for this matter was set, with a discovery cut off of **March 4, 2005**. (Dk-8).

5.    Thereafter, the plaintiff served discovery on the defendant, including Interrogatories and Request for Production (Dk-10 and 11).

6.    The defendant provided written responses to the requests for production on October 8, 2004 (Dk-14) (A copy of that Response to Request for Production is attached hereto as Exhibit No. 1). While the response to that request for production stated that relevant documents sought by discovery would be produced, no documents were actually produced.

7.    By letter dated November 19, 2004, pursuant to L.R.7.1.1, the plaintiff corresponded with then counsel for the defendant, Sarah E. DiLuzio, Esquire of the firm of Potter, Anderson & Corroon, noting the lack of production of documents. At that time, defense counsel had notified plaintiff's counsel that new counsel would be appearing by the person of Raymond W. Cobb, Esquire, but that no such appearance had been made and that he had not received the file (Attached hereto as Exhibit No. 2).

8.    On November 25, 2004 Raymond W. Cobb, Esquire contacted plaintiff's counsel, informing plaintiff's counsel that he had been "officially retained" by the defendant, but had not yet entered his appearance. He asked that any future communications were to be made through his office.

9.    On November 29, 2004, because of plaintiff's counsel inability to obtain an appearance by Raymond Cobb, on response from former counsel, Potter, Anderson & Corroon, plaintiff's counsel contacted this Court by email, which resulted in the actual transfer of the file from Potter, Anderson & Corroon to Raymond Cobb with assurances that requested discovery would be furnished on or before **Friday, December 17, 2004**. (Attached hereto as Exhibit No. 3).

10.    On December 27, 2004, not having received the promised response by December 17, 2004, plaintiff's counsel wrote to Mr. Cobb, reminding him of his obligation to produce documents. (Attached hereto as Exhibit No. 4). On January 31, 2005 Raymond Cobb still had not provided the promised discovery (Attached hereto as Exhibit No. 5).

11.    On February 2, 2005, Raymond Cobb wrote to plaintiff's attorney making the representation that the non-privileged documents had in fact been produced (Attached hereto as

Exhibit No. 6). On February 3, 2005, plaintiff's counsel wrote to Mr. Cobb demonstrating that the documents had in fact never been produced. (Exhibit No. 7 attached hereto).

12.     Not having receive discovery responses as of that date, on February 15, 2005 plaintiff filed a motion to compel the production of documents (Exhibit No. 8 attached hereto), and at the same time requested this Court to reset the scheduling of this matter as a result of and as a sanction for the defendant's failure to respond to discovery. The Court has never ruled on that request.

13.     On March 1, 2005, the defendant submitted to the plaintiff a suggested protective order before the production of documents (Exhibit No. 9), which was followed promptly by the plaintiff's agreement to the protective order (Exhibit No. 10).

14.     Finally, on March 7, 2005, three days after the discovery deadline, the defendant finally produced documents, which had been requested by the plaintiff on a number of occasions, and which was essential to further discovery in this matter.

15.     On April 5, 2005, and after waiting until the close of discovery to comply with discovery requests, the defendant moved for summary judgment.

16.     The dilatory responses by the defendant, in responding to discovery have so prejudiced the plaintiff, that the plaintiff could not obtain necessary documentary materials in which to conduct normal discovery in this matter.

17.     Accordingly, pursuant to the provisions of Rule 56(f), Federal Rules of Civil Procedure, the plaintiff would request this Court to refuse the application for summary judgment as requested by the defendant, and to order a continuance of these proceedings to permit depositions and discovery to be conducted in a normal and orderly fashion.

ABER, GOLDLUST, BAKER & OVER

_____

GARY W. ABER (DSB #754)
702 King Street, Suite 600
P.O. Box 1675
Wilmington, DE  19899
(302) 472-4900
Attorney for Plaintiff

DATED:   April 5, 2005

SWORN TO AND SUBSCRIBED before me, a Notary Public, of the State and County

aforesaid, this 5 day of April , 2005.

_____
NOTARY PUBLIC

# EXHIBIT NO. 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

OCT - 8 2004

ANTHONY J. QUARTARONE,              )
Individually, and ANTHONY J.        )
QUARTARONE, as next friend of       )      C.A. No. 04-380 (SLR)
MARIO QUARTARONE, a minor,          )
                                    )
            Plaintiffs,             )
                                    )
       v.                           )
                                    )
KOHL'S DEPARTMENT STORES, INC.,     )
a Delaware corporation,             )
                                    )
            Defendant.              )

### DEFENDANT KOHL'S DEPARTMENT STORES, INC.'S
### RESPONSE TO PLAINTIFFS' REQUEST FOR
### PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANT

Defendant Kohl's Department Stores, Inc. ("Kohl's" or "Defendant"), by and through its undersigned counsel hereby submits its objections and responses to Plaintiffs' Request for Production of Documents Directed to Defendant, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure.

The responses are based on Defendant's knowledge and information as of the date hereof, and are made subject to Defendant's general and specific objections noted herein. Defendant reserves the right to amend these responses in light of any knowledge or information received hereafter.

### GENERAL STATEMENTS AND OBJECTIONS

1.      Defendant's specific objections set forth below are in addition to the general limitations and objections set forth in this section. These limitations and objections form a part of the response to each and every request. Thus, the absence of a reference to a general objection should not be construed as a waiver of the general objection as to a specific request.

2.    Defendant objects to the requests to the extent that they seek information or documents protected by the attorney-client privilege, work-product doctrine, and/or other applicable privileges or immunities.

3.    Defendant objects to the requests to the extent that:

(a)    they seek information or documents not within Defendant's possession, custody or control;

(b)    they seek discovery that is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive;

(c)    they may be construed to impose obligations in excess of or different from the obligations imposed by the Federal Rules of Civil Procedure; and

(d)    they seek information about or contained in documents that no longer exist.

4.    Defendant objects to the requests to the extent that they seek information and evidence that is not relevant to, nor reasonably calculated to lead to the discovery of admissible evidence in, this litigation.

5.    Defendant objects to the requests to the extent that the requests are vague, ambiguous, overly broad, and do not identify the subject of inquiry with any reasonable particularity.

6.    Defendant objects to the requests as unduly burdensome and oppressive, especially insofar as they seek documents within Plaintiffs' possession, custody or control.

7.    Defendant objects to the use of "every," "all," "each," "ever," "any," or other similar words of expansion as overly broad, unduly burdensome, and harassing, particularly

because, in some cases, the information sought covers an undefined period of time and/or location.

8.    Defendant objects to Plaintiffs' requests insofar as they request information regarding Defendant that is confidential and/or proprietary.

9.    Defendant objects to Plaintiffs' requests insofar as they request information regarding current or former employees of Defendant that is personal and confidential.

## DEFINITIONS

For purposes of these responses:

1.    "Plaintiff Anthony J. Quartarone" refers to plaintiff Anthony J. Quartarone individually.

2.    "Plaintiff Mario Quartarone" refers to plaintiff Mario Quartarone individually.

3.    "Plaintiffs" refers to plaintiffs Anthony J. Quartarone, individually, and Anthony J. Quartarone, as next friend of Mario Quartarone, a minor, and Mario Quartarone individually, a minor, collectively.

4.    "Kohl's Department Store" refers to the Kohl's Department Store located at 401 Rocky Run Parkway, Concord Pike, in the County of New Castle, Delaware.

5.    "Criminal proceeding" refers to the Court of Common Pleas for the State of Delaware action styled State of Delaware v. Anthony J. Quartarone, Criminal Action No. 0203010446, trial dates December 10, 2002 and February 4, 2003.

3

## RESPONSES TO REQUESTS FOR PRODUCTION

1.      Any and all pictures, stills, films, videotapes of the plaintiffs, in the possession or control of the defendant.

### Response:

Defendant incorporates its General Statements and Objections. Subject to, and without waiving its general objections, Defendant refers Plaintiffs to the videotape, Bates No. D0001, produced herewith.

2.      The surveillance video that was offered at the criminal trial of this matter as evidence.

### Response:

See Response to Request No. 1.

3.      Copies of any and all rules, policies, or regulations, maintained by the defendant with regards to handling persons alleged to have "shop lifted".

### Response:

Defendant incorporates its General Statements and Objections. Subject to, and without waiving its general and specific objections, non-privileged documents within Defendant's possession, custody or control, reasonably believed to be responsive to this request, will be produced.

4

4.    Copies of any and all rules, policies, or regulations, maintained by the defendant with regards to handling persons who removed merchandise from the store without paying for it.

**Response:**

See Response to Request No. 3.

5.    Copies of any and all rules, policies, regulations, or policies in which the defendant utilizes for loss prevention with regards to attempted "shop lifting".

**Response:**

See Responses to Request Nos. 3 and 4.

6.    Copies of any and all civil complaints filed against the defendant in any court of law in the United States or its territories in which it is alleged that the defendant, or any of the defendant's employees have made improper accusations of "shop lifting".

**Response:**

Defendant incorporates its General Statements and Objections.    Defendant specifically objects to Request No. 6 on the grounds that it seeks information and evidence that is not relevant to, nor reasonably calculated to lead to the discovery of admissible evidence in, this litigation.  In addition, Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, and harassing.  Defendant further objects to this request on the grounds that it seeks documents that are as equally accessible to Plaintiffs as to Defendant.  Defendant also objects to this Request to the extent that it seeks documents that are not within Defendant's possession, custody or control.

5

7.    Copies of any and all civil complaints filed against the defendant in any court of law in the United States or its territories in which it is alleged that the defendant, or any of the defendant's employees have been made the subject matter of racial profiling.

**Response:**

Defendant incorporates its General Statements and Objections. Defendant specifically objects to Request No. 7 on the grounds that it seeks information and evidence that is not relevant to, nor reasonably calculated to lead to the discovery of admissible evidence in, this litigation. In addition, Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, and harassing. Defendant further objects to this request on the grounds that it seeks documents that are as equally accessible to Plaintiffs as to Defendant. Defendant also objects to this Request to the extent that it seeks documents that are not within Defendant's possession, custody or control.

8.    Copies of any reports or other writings which describe alleged wrongdoing by the plaintiffs during March 2002.

**Response:**

Defendant incorporates its General Statements and Objections. Defendant specifically objects to Request No. 8 to the extent that it seeks documents that are within Plaintiffs' possession, custody and control and are as equally accessible to Plaintiffs as to Defendant. Defendant further objects to this Request to the extent that it seeks documents that are not within Defendant's possession, custody or control.

Defendant incorporates its General Statements and Objections. Subject to, and without waiving its general and specific objections, non-privileged documents within

6

Defendant's possession, custody or control, reasonably believed to be responsive to this request, will be produced.

9.    Copies of any reports, writings, or memorandums, which in any way describe any transactions between the plaintiff and the defendant.

**Response:**

Defendant incorporates its General Statements and Objections.    Defendant specifically objects to Request No. 9 on the grounds that it seeks information and evidence that is not relevant to, nor reasonably calculated to lead to the discovery of admissible evidence in, this litigation.    Defendant further objects to this request on the grounds that it seeks documents that are within the Plaintiffs' possession, custody and control and are as equally accessible to Plaintiffs as to Defendant.    Defendant also objects on the grounds that this Request seeks documents that are not within Defendant's possession, custody or control.    In addition, Defendant objects to this Request on the grounds that it is overly broad, that it does not identify with reasonable particularity the information sought, and that it is vague, ambiguous, incomprehensible as drafted, and not amenable to meaningful response.    Defendant further objects on the grounds that the use of the undefined phrase "transactions between plaintiff and defendant" renders the Request confusing and incapable of a meaningful response.    Defendant also objects to the use of the word "any" as overly broad, unduly burdensome, and harassing, particularly because the documents sought cover an undefined period of time and/or location.    As written, this Request requests that Defendant produce documents relating to any purchase, return, exchange, credit card application; payment; credit, promotional mailing and the like to and/or from Defendant and Plaintiffs at any time, and to/from any of Defendant's locations.

7

In a good faith effort to participate in the discovery process, Defendant will interpret this Request in a more reasonable manner, to include only reports, writings or memorandums, which in any way describe transactions between Plaintiffs and Defendant on March 9, 2002 which are the subject of this litigation.

Subject to, and without waiving its general and specific objections, non-privileged documents within Defendant's possession, custody or control, reasonably believed to be responsive to this request, will be produced.

10.    Copies of any reports, memorandums, or other documents prepared in the normal course of business, which describe the events of March 2002, which led to the arrest of the plaintiffs.

**Response:**

Defendant incorporates its General Statements and Objections. Subject to, and without waiving its general and specific objections, non-privileged documents within Defendant's possession, custody or control, reasonably believed to be responsive to this request, will be produced.

POTTER ANDERSON & CORROON LLP

By _Sarah E DiLuzio_
      Kathleen Furey McDonough (Del. Bar # 2395)
      Sarah E. DiLuzio (Del. Bar # 4085)
      Hercules Plaza 6th Floor
      1313 N. Market Street
      P.O. Box 951
      Wilmington, DE 19899
      (302) 984-6000
      *Attorneys for Defendant Kohl's Department Stores, Inc.*

Dated: October 8, 2004
PA&C-651445v1/28168

8

## CERTIFICATE OF SERVICE

I hereby certify that on October 8th, 2004, two copies of the foregoing document

were served by hand on Plaintiffs' counsel of record at the address indicated:

> Gary Aber, Esquire
> Aber, Goldlust, Baker & Over
> 708 King Street
> Suite 600
> Wilmington, DE 19899

_Sarah E. DiLuzio_
Sarah E. DiLuzio (Del. Bar # 4085)

PA&C-651445v1/28168

# EXHIBIT NO. 2

LAW OFFICES

## ABER, GOLDLUST, BAKER & OVER

(AN ASSOCIATION OF LAW PRACTICES)
702 KING STREET, SUITE 600
P.O. BOX 1675
WILMINGTON, DELAWARE 19899-1675

GARY W. ABER, P.C.
PERRY F. GOLDLUST, P.A.*
DARRELL J. BAKER, P.A.
SUSAN C. OVER, P.C.
JOANNE A. SHALLCROSS**

*ALSO ADMITTED IN NEW YORK
**ALSO ADMITTED IN PENNSYLVANIA

(302) 472-4900
TELECOPIER (302) 472-4920

November 19, 2004

Sarah E. DiLuzio, Esquire
Potter, Anderson & Corroon, LLP
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899

RE:    Quartarone v. Kohls

Dear Ms. DiLuzio:

As you will recall, I served upon the defendants in this matter a Request for Production on or about September 8, 2004. A response to that Request for Production was filed in a timely manner. However, the response stated that the documents would be produced. However, to date I have not yet received any documents.

When we last spoke you informed me that you would no longer be representing the defendants and this matter was being transferred to Ray Cobb. However, I have contacted him and he informs me that he has not officially been retained or has not received the file. As a result, I am caught in a quandary as to whom to turn to obtain these documents. As you are aware, discovery in this matter is for a limited period of time, and I believe I need these documents in order to decide how to proceed. Would you please let me know when and where the documents set forth in my request for production will be produced.

Yours very truly,

Gary W. Aber

GWA/mac
cc:    Raymond W. Cobb, Esquire

# EXHIBIT NO. 3

## Gary W. Aber

| | |
|---|---|
| **From:** | Slr_Civil@ded.uscourts.gov |
| **Sent:** | Monday, December 06, 2004 3:50 PM |
| **To:** | Gary W. Aber |
| **Subject:** | RE: Quartarone v. Kohl's C.A. No. 04-380(SLR) |

Thank you, we will remove the tentative teleconf. dates from the court calendar.

Sincerely,
Rosanna DiMeo
Case Manager to Chief Judge Robinson

NOTE: If this e-mail is offering available dates for a court proceeding which cnsl. is to agree upon, ONLY ONE cnsl. should be confirming the date via a reply to the slr_civil@ded.uscourts.gov e-mail address once a date has been agreed upon by ALL cnsl. involved. Typically this is the cnsl. making the initial request.

---

"Gary W. Aber" <GAber@gablawde.com>

12/06/2004 03:40 PM

To <Slr_Civil@ded.uscourts.gov>

cc <rwcobb@earthlink.net>, <sdiluzion@potteranderson.com>

Subject RE: Quartarone v. Kohl's C.A. No. 04-380(SLR)

Following my communication with the Court I have now, just recently been notified that Raymond Cobb has now had the file transferred to him, and will be entering his appearance tomorrow. He has also assured me that whatever discovery I am due will be furnished by Friday, December 17, 2004. These assurances are satisfactory to me. If the Court agrees, I do not believe, under these circumstances, that a conference with the Court is necessary.

P.O. Box 1675
Wilmington, Del. 19899
(302)472-4900
(302)472-4920(Fax)
The communication contained in this document is intended for the above named recipient only, and may contain legally privileged information. The receipt and/or use of this document by any person, other than the intended recipient is improper, prohibited, and may be a violation of the law.

-----Original Message-----
**From:** Slr_Civil@ded.uscourts.gov [mailto:Slr_Civil@ded.uscourts.gov]
**Sent:** Monday, December 06, 2004 3:06 PM
**To:** Gary W. Aber
**Cc:** rwcobb@earthlink.net; sdiluzion@potteranderson.com; slr_civil@ded.uscourts.gov
**Subject:** Re: Quartarone v. Kohl's C.A. No. 04-380(SLR)

12/6/2004

Counsel,

The court will conduct a teleconference with all counsel of record in this matter on either of the two following dates:

Friday, Dec. 10th at 8:30 a.m.
or
Wednesday, Dec. 15th at 8:15 a.m.

Please confer with each other and then confirm the date with the court via a reply to this email.

Thank you.

Sincerely,
Rosanna DiMeo
Case Manager to Chief Judge Robinson

NOTE:  If this e-mail is offering available dates for a court proceeding which cnsl. is to agree upon, ONLY ONE cnsl. should be confirming the date via a reply to the slr_civil@ded.uscourts.gov e-mail address once a date has been agreed upon by ALL cnsl. involved.  Typically this is the cnsl. making the initial request.

---

"Gary W. Aber" <GAber@gablawde.com>

11/29/2004 11:19 AM

To  <slr_civil@ded.uscourts.gov>

cc  <sdiluzion@potteranderson.com>, <rwcobb@earthlink.net>

Subject  Quartarone v. Kohl's C.A. No. 04-380(SLR)

I bring this matter to the Court for the resolution of an unusual situation.  This matter was removed to the Federal Court by the defendant.  Discovery has been filed by both parties.  Unfortunately the matter has come to a deadlocked standstill because of some unknown difference between the defendant and its attorneys.

As the docket reflects Potter, Anderson, and Corroon have entered their appearance for the defendant.  However, they have informed me that they no longer represent Kohl's and the file is to be transferred to Raymond Cobb, Esquire as new defense counsel  Mr. Cobb informs me that he has not received the file, and cannot enter his appearance until he does receive it.  Sarah DiLuzio, Esquire, defendant's counsel has informed me that they have not been authorized to either produce documents, requested in discovery, or to transfer the file.  Thus this case is at a standstill.

I communicate with the Court to ask assistance in getting this case moving.  I believe that I have fully complied with both the letter and the spirit of L.R. 7.1.1, but have been unable to accomplish anything.

Respectfully;

P.O. Box 1675
Wilmington, Del. 19899
(302)472-4900
(302)472-4920(Fax)
The communication contained in this document is intended for the above named recepient only, and may contain legally privileged information.  The receipt and/or use of this document by any person, other than the intended recepient is improper, prohibited, and may be a violation of the law.

12/6/2004

# EXHIBIT NO. 4

# ABER, GOLDLUST, BAKER & OVER

(AN ASSOCIATION OF LAW PRACTICES)
702 KING STREET, SUITE 600
P.O. BOX 1675
WILMINGTON, DELAWARE 19899-1675

GARY W. ABER, P.C.
PERRY F. GOLDLUST, P.A.*
DARRELL J. BAKER, P.A.
SUSAN C. OVER, P.C.
JOANNE A. SHALLCROSS**

(302) 472-4900
TELECOPIER (302) 472-4920

December 27, 2004

*ALSO ADMITTED IN NEW YORK
**ALSO ADMITTED IN PENNSYLVANIA

Raymond W. Cobb, Esquire
Three Mill Road, Suite 206
Wilmington, DE  19806

RE:    Quartarone v. Kohls

Dear Ray:

I had originally filed interrogatories to the defendant on September 13, 2004.  The former defense counsel, Susan DiLuzio filed a timely response, but did not include in that response the documents, which were requested, and were a part of the interrogatories.  Thereafter, I had some trouble obtaining those documents.  While I was negotiating the production of those documents, you became involved in this matter and substituted your appearance for Ms. DiLuzio.

As you will recall, when you first got into the matter, I agreed to extend until December 17, 2004 the deadline for the production of documents.  However, to date the documents required to be produced, that were identified in the answers to interrogatories have not yet been produced.

Would you please let me know when you will be producing those documents as you had agreed.

Thank you for your assistance and cooperation.

Yours very truly,

Gary W. Aber

GWA/mac

# EXHIBIT NO. 5

| Send<br>Transaction(s) completed | | | | | |
|---|---|---|---|---|---|
| No. TX Date/Time    Destination | | | Duration P.# | Result | Mode |
| 058 JAN-31   15:40 97774111 | | | 0'00'08" 001 | OK | N  ECM |

LAW OFFICES

# ABER, GOLDLUST, BAKER & OVER

(AN ASSOCIATION OF LAW PRACTICES)
702 KING STREET, SUITE 600
P.O. BOX 1675
WILMINGTON, DELAWARE 19899-1675

GARY W. ABER, P.C.
PERRY F. GOLDLUST, P.A.*
DARRELL J. BAKER, P.A.
SUSAN C. OVER, P.C.
JOANNE A. SHALLCROSS**

(302) 472-4900
TELECOPIER (302) 472-4920

January 31, 2005

*ALSO ADMITTED IN NEW YORK
**ALSO ADMITTED IN PENNSYLVANIA

BY FACSIMILE
Raymond W. Cobb, Esquire
Three Mill Road, Suite 206
Wilmington, DE 19806

RE:    Quartarone v. Kohls

Dear Ray:

On December 27, 2004, I wrote to you concerning discovery in this matter, which is now several months overdue. I did not receive a response to that letter.

Since that time I have called you on one or more occasions trying to get some information, but I have received no response. Obviously, my client is getting quite upset since there is no progress in this matter, and you are beginning to leave me little or no alternative.

If I do not hear from you by Wednesday, February 2, 2005 I will have no alternative but to contact the Court to seek judicial intervention. This is something I do not want to do, but you are leaving me no choice by not responding to my inquiries.

Yours very truly,

Gary W. Aber

GWA/mac
cc:    Mr. Anthony Quartarone

# EXHIBIT NO. 6

*Law Office*

# RAYMOND W. COBB, LLC

Three Mill Road
Suite 206
Wilmington, Delaware 19806
(302) 777-4100
Facsimile
(302) 777-4111

February 2, 2005

**VIA FACSIMILE ONLY**
Gary W. Aber, Esquire
Aber, Goldlust, Baker & Over
702 King Street, Suite 600
P O Box 1675
Wilmington, DE 19899

RE:    **Quartarone v. Kohl's**
       **C.A. No. 04-38(SLR)**

Dear Gary:

This is in response to your letter of January 31, 2005. In reviewing the file and the responses to Plaintiffs' Request for Production filed by Kohl's former counsel, there appears to be some confusion between how you are interpreting the responses and how I am interpreting them. It is clear that Kohl's has lodged objections to several of your clients' requests indicating that non-privileged documents would be available. Based upon my review of the file materials, and your clients' responses to discovery it appears that the non-privileged documents have been produced. Thus, I believe that you have been provided with all non-privileged documents responsive to Plaintiffs' Request for Production.

If you care to discuss this matter further before seeking Court intervention, please contact us.

Very truly yours,

*Raymond W. Cobb*

Raymond W. Cobb

RWC/dnd

# EXHIBIT NO. 7

LAW OFFICES

# ABER, GOLDLUST, BAKER & OVER

(AN ASSOCIATION OF LAW PRACTICES)
702 KING STREET, SUITE 600
P.O. BOX 1675
WILMINGTON, DELAWARE 19899-1675

GARY W. ABER, P.C.
PERRY F. GOLDLUST, P.A.*
DARRELL J. BAKER, P.A.
SUSAN C. OVER, P.C.
JOANNE A. SHALLCROSS**

(302) 472-4900
TELECOPIER (302) 472-4920

February 3, 2005

*ALSO ADMITTED IN NEW YORK
**ALSO ADMITTED IN PENNSYLVANIA

Raymond W. Cobb, Esquire
Three Mill Road, Suite 206
Wilmington, DE  19806

RE:    Quartarone v. Kohls

Dear Mr. Cobb:

I am responding to your letter of February 2, 2005.  Contrary to your representation in that letter, the documents have never been produced.

As you will recall, your first involvement in this matter was in November 2004, when this matter was transferred from Potter, Anderson & Corroon to your office.  On November 19, 2004, I wrote to Sarah DiLuzio, of Potter, Anderson & Corroon, confirming that the documents that were requested in my request for production had not yet been produced.  I also confirmed that they were not going to be produced pending the transfer of the file to your office.  You were copied on that letter. Thereafter, we spoke and you asked for time to review the file and promised that I would have the documents by December 17, 2004.  Not having received the documents, I wrote to you on December 27, 2004 requesting them.

To date I have received no response to my letter.  The failure to respond to my letter of December 27, 2004 is what gave rise to my correspondence of January 31, 2005.

Quite frankly, I cannot understand why at this late date, I am being told for the first time that the documents had already been produced to me.  Now that I have confirmed with Ms. DiLuzio that they have not been produced, I am asking that you provide them to me promptly.

With regards to any documents for which privilege will be claimed, please provide me a list of all such privileged documents.  That is, I would request a privilege log.

Raymond W. Cobb, Esquire
February 3, 2005
Page Two

If you have any questions or comments, please feel free to contact me.

Yours very truly,

Gary W. Aber

GWA/mac
cc:    Sarah E. DiLuzio, Esquire

# EXHIBIT NO. 8

IN THE UNITED STATES DISTRICT COURT

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

2005 FEB 15  PM 3: 31

FOR THE DISTRICT OF DELAWARE

ANTHONY J. QUARTARONE,       )
Individually, and ANTHONY J.   )
QUARTARONE, as next of friend of )
MARIO QUARTARONE, a minor,   )
                              )        C.A. No.  04-380 (SLR)
            Plaintiffs,       )
                              )
        v.                    )
                              )
KOHL'S DEPARTMENT STORES, INC. )
a Delaware Corporation.       )
                              )
            Defendant         )

## PLAINTIFF'S MOTION TO COMPEL

The plaintiff, pursuant to Rule 37(a), <u>Federal Rules of Civil Procedure</u>, requests this Court to enter an order directing the defendant to respond to discovery.   The basis of this motion is as follows:

1.      This is a matter that was originally filed in the Superior Court of the State of Delaware as a Rule 16 matter.

2.      The defendant by motion dated June 16, 2004 removed this matter to Federal Court, based upon a claim under 42 <u>U.S.C.</u> §1981.

3.      On September 8, 2004, the plaintiff served upon the defendant Interrogatories and a Request for Production.

4.      On October 8, 2004, the defendant responded in writing to the Interrogatories and request for production (See Exhibits Nos. 1 and 2 attached hereto).  But have refused to produce any documents requested.

5.      A substitution of counsel occurred on behalf of the defendant on December 9, 2004, and thereafter on January 19, 2005, January 31, 2005 and on February 3, 2005 the undersigned

corresponded with defendant's new counsel in an attempt to obtain the documents requested in the above-described discovery. As of the date of this motion, no documents have been produced.

6.    The delay by the defendant in complying with the rules and its obligations has caused prejudice to the plaintiff in proceeding in this matter, which may require a resetting of the schedule in this matter.

WHEREFORE, the plaintiff requests this Court to enter an order directing the defendant to produce documents sought in the plaintiff's Interrogatories and Request for Production forthwith and to hold a new scheduling conference to reset the schedule in this matter.

ABER, GOLDLUST, BAKER & OVER

GARY W. ABER (DSB #754)
702 King Street, Suite 600
P.O. Box 1675
Wilmington, DE 19899
(302) 472-4900
Attorney for Plaintiff

DATED: February 15, 2005

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANTHONY J. QUARTARONE, Individually, and ANTHONY J. QUARTARONE, as next of friend of MARIO QUARTARONE, a minor, <br><br> Plaintiffs, <br><br> v. <br><br> KOHL'S DEPARTMENT STORES, INC. a Delaware Corporation. <br><br> Defendant | ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> C.A. No.  04-380 (SLR) |

## CERTIFICATION PURSUANT TO L.R. 7.1.1

The undersigned hereby certifies that he has communicated with defendant's attorney by letters on January 19, 2005, January 31, 2005 and on February 3, 2005, concerning this subject matter, as well as discussed this matter with defendant's counsel on at least two occasions by telephone in an effort to resolve the discovery dispute.

ABER, GOLDLUST, BAKER & OVER

GARY W. ABER (DSB #754)
702 King Street, Suite 600
P.O. Box 1675
Wilmington, DE  19899
(302) 472-4900
Attorney for Plaintiff

DATED:  February 15, 2005

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that two copies of the attached pleading were placed in

the U.S. Mail on February 15, 2005 to the following counsel:

Raymond W. Cobb, Esquire
Three Mill Road, Suite 206
Wilmington, DE 19806

_Melissa A. Chionchio_
Melissa A. Chionchio
Secretary to Gary W. Aber

# EXHIBIT NO. 9

*Law Office*

# RAYMOND W. COBB, LLC

Three Mill Road
Suite 206
Wilmington, Delaware 19806
(302) 777-4100
Facsimile
(302) 777-4111

MAR - 8 2005

March 1, 2005

Gary W. Aber, Esquire
Aber, Goldlust, Baker & Over
702 King Street, Suite 600
P O Box 1675
Wilmington, DE 19899

      **RE:   Quartarone v. Kohl's**
              **C.A. No. 04-38(SLR)**

Dear Gary:

      Attached please find a proposed Stipulated Protective Order regarding confidentiality of documents or other items produced in this matter. Would you please review it and if it meets with your approval, execute the Stipulation and return it to me for filing with the Court. After said Order has been entered, we will produce documents relating to Kohl's security procedures.

      If you care to discuss this Stipulated Protective Order or wish to discuss proposed changes to same, please contact us.

                        Very truly yours,

                        Raymond W. Cobb

RWC/nb
Enclosure

# EXHIBIT NO. 10

LAW OFFICES

## ABER, GOLDLUST, BAKER & OVER

(AN ASSOCIATION OF LAW PRACTICES)
702 KING STREET, SUITE 600
P.O. BOX 1675
WILMINGTON, DELAWARE 19899-1675

GARY W. ABER, P.C.
PERRY F. GOLDLUST, P.A.*
DARRELL J. BAKER, P.A.
SUSAN C. OVER, P.C.
JOANNE A. SHALLCROSS**

March 10, 2005

(302) 472-4900
TELECOPIER (302) 472-4920

*ALSO ADMITTED IN NEW YORK
**ALSO ADMITTED IN PENNSYLVANIA

Raymond W. Cobb, Esquire
Three Mill Road, Suite 206
Wilmington, DE 19806

RE:     Quartarone v. Kohls

Dear Mr. Cobb:

I am returning to you the sign proposed Protective Order. I have signed it in an effort to demonstrate my willingness to cooperate with you in this matter. As you are aware discovery in this matter has been protracted and characterized by delays in non-production. Rather than delay this matter any further and argue about anymore details in this case, I have agreed to execute the order.

I wish to make clear for the record though, I do not believe there is a need for the order. I have seen many instances when U.S. District Court judges have refused to sign such orders without a demonstration of a genuine need.

In addition, my execution of this order is with the caveat that the language in the first paragraph of the second page, dealing with obtaining signed statements does not mean that I have to provide you a signed statement each time I have an expert review the matter. It is my understanding that that means I must obtain such signed statement from my records. I cannot believe that you intend that I have to inform you step by step as I perform an investigation. If that is indeed your interpretation of the agreement, then please return the signed agreement pending further negotiations.

Finally, I think you had better check and make sure that the provisions dealing with the treatment of confidential documents is in compliance with the Court's new electronic filing directives.

With these thoughts in mind, I have no objection to the execution of the order subject to the above statements.

Raymond W. Cobb, Esquire
March 10, 2005
Page Two

Would you please contact so we can discuss the future scheduling in this matter, which has now been considerably delayed by non-production of documents pursuant to my request.

Yours very truly,

Gary W. Aber

GWA/mac
Enclosure
cc:    Mr. Anthony Quartarone

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

ANTHONY J. QUARTARONE,                    :
Individually, and ANTHONY J.              :        Civil Action No. 04-380-SLR
QUARTARONE, as next friend of             :
MARIO QUARTARONE, a minor,                :
                                          :
        Plaintiffs,                       :        Jury Trial Demanded
                                          :
    v.                                    :
                                          :
KOHL'S DEPARTMENT STORES, INC.,           :
                                          :
        Defendant.                        :

### Stipulated Protective Order

The parties hereto, by their respective counsel, recognizing that each party might possess information of a confidential nature into which it may be necessary for the other party to inquire during discovery proceedings in this case (the "Action") but which should not be made available to the public generally as a result of otherwise public proceedings in this case, stipulate and agree as is provided in this Order.

(1) Each party may, however, in good faith, designate information it produces in discovery as "Confidential Information." All transcripts of depositions (within 30 days of delivery thereof by the court reporter who transcribed the deposition), exhibits, answers to interrogatories and other documents filed with the Court pursuant to the pretrial discovery of either party to this Action which are designated by either party as comprising or containing confidential information, or any pleading or memorandum purporting to reproduce or paraphrase such information, shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title to this Action, an indication of the nature of the contents of such sealed envelope or other container, the word "CONFIDENTIAL" and a statement substantially in the following form:

"This envelope contains documents which contain Confidential Information which are filed in this case by Kohl's or Anthony J. Quartarone, and is not to be opened or the contents thereof to be displayed or revealed except by order of the Court."

(2) All transcripts of depositions, exhibits, answers to interrogatories, copies thereof, other documents, and all information obtained by an inspection of a process, composition or equipment received by counsel for either party pursuant to pretrial discovery in this Action which are designated by either party as containing or comprising Confidential Information shall be retained by counsel and shall not be disclosed or used by the nondesignating party or his counsel, except that and solely for the purposes of this Action any such transcripts, exhibits, other documents or information may be disclosed by counsel to his associate attorneys employed in preparation for and trial of this Action and to a limited number, not to exceed three, of other

independently retained persons requested by counsel to furnish technical or expert services or to give testimony with respect to the subject matter thereof for the trial of this Action. Each such other person to whom disclosure is to be made shall before disclosure is made to him be identified to counsel for the party designating the information as Confidential Information, and shall in a written instrument delivered before hand to such counsel acknowledge that he is fully familiar with the terms of such order as the Court may enter as the result of this stipulation and agrees to comply with and be bound by such order until modified by further order of Court.

(3) No person or party shall, for purposes of competition or any other purpose except the defense or prosecution of this Action, disclose or make use of any information obtained pursuant to pretrial discovery in this Action, which information shall have been designated as Confidential Information by the opposite party to this Action. Without further order of the Court, such information may be used and disclosed only for purposes of this Action.

(4) The restrictions set forth in any of the preceding paragraphs shall not apply to information which at or prior to disclosure thereof in this Action is or was in public knowledge, or which, after disclosure thereof, becomes public knowledge other than by act or omission of the nondesignating party or its agents, consultants and attorneys. Neither party hereto shall be bound by this stipulation as to any information which it possessed prior to this Action, unless that information was obtained from the other party under circumstances requiring the first party to treat it as Confidential Information.

(5) This stipulation shall be without prejudice to either party to bring before the Court at any time the question of whether any particular information is or is not in fact confidential or relevant to any issue of this case; upon such hearing the person asserting confidentiality or relevance shall have the burden of establishing the same. Any party claiming that information designated by the other party as confidential has been in the possession of such first party or has been in the possession of the public prior to exposure or disclosure of such information through discovery herein shall have the burden of proving such earlier possession or such public knowledge of such information. However, a failure of any party to challenge a claim of confidentiality at any time through trial in this Action shall not constitute acquiescence to such claim if a question of compliance with this stipulation is subsequently raised.

(6) This stipulation shall not waive any objections otherwise available and shall be without prejudice to the right of any party to oppose production of any information on any grounds, such as lack of timeliness or relevance.

It is the intention of counsel for the parties to join in a motion requesting the Court to grant a protective order embodying the provisions of this stipulation, subject to such modification

thereof as may to the Court, seem appropriate.


ABER, GOLDLUST, BAKER & OVER                    RAYMOND W. COBB, LLC


_____                 _____
Gary W. Aber, Esquire                           Raymond W. Cobb, Esquire
702 King Street                                 Three Mill Road
P O Box 1675                                     Suite 206
Wilmington, DE  19899                            Wilmington, DE  19806
Attorney for Plaintiffs                          Attorney for Defendant

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that two copies of the attached pleading was electronically served to the following counsel on April 5, 2005:

> Raymond W. Cobb, Esquire
> Three Mill Road, Suite 206
> Wilmington, DE  19806

/s/ Melissa A. Chionchio
Melissa A. Chionchio
Secretary to Gary W. Aber, Esquire
