IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANTHONY J. QUARTARONE, Individually, and ANTHONY J. QUARTARONE, as next of friend of MARIO QUARTARONE, a minor,<br><br>Plaintiffs,<br><br>v.<br><br>KOHL'S DEPARTMENT STORES, INC. a Delaware Corporation.<br><br>Defendant | )<br>)<br>)<br>)  C.A. No.  04-380 (SLR)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF'S MOTION FOR SANCTIONS, PURSUANT TO RULE 37

The plaintiff, pursuant to Rule 37(b), Federal Rules of Civil Procedure, moves this Court for sanctions, including, but not limited to the entry of judgment against the defendant. The basis of this motion is as follows:

1. This is a matter that was originally filed in the Superior Court of the State of Delaware.

2. The defendant by motion dated June 16, 2004 removed this matter to Federal Court.

3. On September 8, 2004, the plaintiff served upon the defendant certain discovery, including a Request for Production. As of February 15, 2005, after almost five (5) months, the defendant still had not produced documents in response to the Plaintiff's Request for Production, contained both in separate requests for production and subsumed in plaintiff interrogatories.

4. On February 15, 2005 plaintiff filed a motion to compel discovery.

5. The deadline set by this Court, provided that the close of discovery would occur on March 9, 2005.

6. The defendant responded to the plaintiff's motion to compel on March 2, 2005, one week before the close of discovery, and more than two weeks after the motion was filed.

7. By Order dated May 20, 2005 (Dk-27), this Court granted in part and denied in part the plaintiff's motion to compel. Specifically, conditioned upon the plaintiff executing a confidentiality agreement, the defendant was ordered to:

"A. Produce all documents, which it had agreed to produce.

B. Produce all documents in response to Request No. 6."

8. Prior to this Court's Order, on March 10, 2005, the plaintiff's counsel had executed and returned to defense counsel the requested Confidentiality Agreement (See Ex. No. 1).

9. On June 1, 2005, pursuant to L.R. 7.1.1 the plaintiff's attorney corresponded with the defendant's counsel requesting compliance with the Court's Order (See Ex. No. 2). As of this date, the defendant has not responded to the request or acknowledged the entry of the Court's Order.

10. This litigation has been characterized by obstruction and delay, from the time present defense counsel, substituted for prior defense counsel, Potter, Anderson & Corroon. It took three months to have present defense counsel to even enter his appearance and participate in this litigation. Since defense counsel's entry of appearance, defense counsel has refused to comply with discovery or the orders of this Court.

**WHEREFORE**, the plaintiff requests this Court, pursuant to the provisions of Rule 37(b), Federal Rules of Civil Procedure, to enter an order directing that judgment be entered against the defendant as sanctions for failure to comply with discovery and for the intentional disregard of this Court's Order, and to schedule a hearing for the assessment of damages to which the plaintiff would be entitled.

ABER, GOLDLUST, BAKER & OVER

_____
GARY W. ABER (DSB #754)
702 King Street, Suite 600
P.O. Box 1675
Wilmington, DE 19899
(302) 472-4900
Attorney for Plaintiff

DATED: June 22, 2005

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANTHONY J. QUARTARONE, Individually, and ANTHONY J. QUARTARONE, as next of friend of MARIO QUARTARONE, a minor,<br><br>Plaintiffs,<br><br>v.<br><br>KOHL'S DEPARTMENT STORES, INC. a Delaware Corporation.<br><br>Defendant | C.A. No. 04-380 (SLR) |

## CERTIFICATION PURSUANT TO L.R. 7.1.1

The undersigned hereby certifies that he has contacted defense counsel by correspondence dated June 1, 2005 to attempt to obtain compliance with the Court's Order, and has not received a response to that correspondence.

ABER, GOLDLUST, BAKER & OVER

/s/ Gary W. Aber

GARY W. ABER (DSB #754)
702 King Street, Suite 600
P.O. Box 1675
Wilmington, DE  19899
(302) 472-4900
Attorney for Plaintiff

DATED: February 15, 2005

# EXHIBIT 1

LAW OFFICES
## ABER, GOLDLUST, BAKER & OVER
(AN ASSOCIATION OF LAW PRACTICES)
702 KING STREET, SUITE 600
P.O. BOX 1675
WILMINGTON, DELAWARE 19899-1675

GARY W. ABER, P.C.
PERRY F. GOLDLUST, P.A.*
DARRELL J. BAKER, P.A.
SUSAN C. OVER, P.C.
JOANNE A. SHALLCROSS**

(302) 472-4900
TELECOPIER (302) 472-4920

March 10, 2005

*ALSO ADMITTED IN NEW YORK
**ALSO ADMITTED IN PENNSYLVANIA

Raymond W. Cobb, Esquire
Three Mill Road, Suite 206
Wilmington, DE 19806

RE: Quartarone v. Kohls

Dear Mr. Cobb:

I am returning to you the sign proposed Protective Order. I have signed it in an effort to demonstrate my willingness to cooperate with you in this matter. As you are aware discovery in this matter has been protracted and characterized by delays in non-production. Rather than delay this matter any further and argue about anymore details in this case, I have agreed to execute the order.

I wish to make clear for the record though, I do not believe there is a need for the order. I have seen many instances when U.S. District Court judges have refused to sign such orders without a demonstration of a genuine need.

In addition, my execution of this order is with the caveat that the language in the first paragraph of the second page, dealing with obtaining signed statements does not mean that I have to provide you a signed statement each time I have an expert review the matter. It is my understanding that that means I must obtain such signed statement from my records. I cannot believe that you intend that I have to inform you step by step as I perform an investigation. If that is indeed your interpretation of the agreement, then please return the signed agreement pending further negotiations.

Finally, I think you had better check and make sure that the provisions dealing with the treatment of confidential documents is in compliance with the Court's new electronic filing directives.

With these thoughts in mind, I have no objection to the execution of the order subject to the above statements.

Raymond W. Cobb, Esquire
March 10, 2005
Page Two

    Would you please contact so we can discuss the future scheduling in this matter, which has now been considerably delayed by non-production of documents pursuant to my request.

Yours very truly,

Gary W. Aber

GWA/mac
Enclosure
cc:    Mr. Anthony Quartarone

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| ANTHONY J. QUARTARONE, Individually, and ANTHONY J. QUARTARONE, as next friend of MARIO QUARTARONE, a minor, | Civil Action No. 04-380-SLR |
| Plaintiffs, | Jury Trial Demanded |
| v. | |
| KOHL'S DEPARTMENT STORES, INC., | |
| Defendant. | |

### Stipulated Protective Order

The parties hereto, by their respective counsel, recognizing that each party might possess information of a confidential nature into which it may be necessary for the other party to inquire during discovery proceedings in this case (the "Action") but which should not be made available to the public generally as a result of otherwise public proceedings in this case, stipulate and agree as is provided in this Order.

(1) Each party may, however, in good faith, designate information it produces in discovery as "Confidential Information." All transcripts of depositions (within 30 days of delivery thereof by the court reporter who transcribed the deposition), exhibits, answers to interrogatories and other documents filed with the Court pursuant to the pretrial discovery of either party to this Action which are designated by either party as comprising or containing confidential information, or any pleading or memorandum purporting to reproduce or paraphrase such information, shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title to this Action, an indication of the nature of the contents of such sealed envelope or other container, the word "CONFIDENTIAL" and a statement substantially in the following form:

"This envelope contains documents which contain Confidential Information which are filed in this case by Kohl's or Anthony J. Quartarone, and is not to be opened or the contents thereof to be displayed or revealed except by order of the Court."

(2) All transcripts of depositions, exhibits, answers to interrogatories, copies thereof, other documents, and all information obtained by an inspection of a process, composition or equipment received by counsel for either party pursuant to pretrial discovery in this Action which are designated by either party as containing or comprising Confidential Information shall be retained by counsel and shall not be disclosed or used by the nondesignating party or his counsel, except that and solely for the purposes of this Action any such transcripts, exhibits, other documents or information may be disclosed by counsel to his associate attorneys employed in preparation for and trial of this Action and to a limited number, not to exceed three, of other

independently retained persons requested by counsel to furnish technical or expert services or to give testimony with respect to the subject matter thereof for the trial of this Action. Each such other person to whom disclosure is to be made shall before disclosure is made to him be identified to counsel for the party designating the information as Confidential Information, and shall in a written instrument delivered before hand to such counsel acknowledge that he is fully familiar with the terms of such order as the Court may enter as the result of this stipulation and agrees to comply with and be bound by such order until modified by further order of Court.

(3) No person or party shall, for purposes of competition or any other purpose except the defense or prosecution of this Action, disclose or make use of any information obtained pursuant to pretrial discovery in this Action, which information shall have been designated as Confidential Information by the opposite party to this Action. Without further order of the Court, such information may be used and disclosed only for purposes of this Action.

(4) The restrictions set forth in any of the preceding paragraphs shall not apply to information which at or prior to disclosure thereof in this Action is or was in public knowledge, or which, after disclosure thereof, becomes public knowledge other than by act or omission of the nondesignating party or its agents, consultants and attorneys. Neither party hereto shall be bound by this stipulation as to any information which it possessed prior to this Action, unless that information was obtained from the other party under circumstances requiring the first party to treat it as Confidential Information.

(5) This stipulation shall be without prejudice to either party to bring before the Court at any time the question of whether any particular information is or is not in fact confidential or relevant to any issue of this case; upon such hearing the person asserting confidentiality or relevance shall have the burden of establishing the same. Any party claiming that information designated by the other party as confidential has been in the possession of such first party or has been in the possession of the public prior to exposure or disclosure of such information through discovery herein shall have the burden of proving such earlier possession or such public knowledge of such information. However, a failure of any party to challenge a claim of confidentiality at any time through trial in this Action shall not constitute acquiescence to such claim if a question of compliance with this stipulation is subsequently raised.

(6) This stipulation shall not waive any objections otherwise available and shall be without prejudice to the right of any party to oppose production of any information on any grounds, such as lack of timeliness or relevance.

It is the intention of counsel for the parties to join in a motion requesting the Court to grant a protective order embodying the provisions of this stipulation, subject to such modification

thereof as may to the Court, seem appropriate.

| ABER, GOLDLUST, BAKER & OVER | RAYMOND W. COBB, LLC |
|---|---|
| */s/ Gary W. Aber* | |
| Gary W. Aber, Esquire<br>702 King Street<br>P O Box 1675<br>Wilmington, DE  19899<br>Attorney for Plaintiffs | Raymond W. Cobb, Esquire<br>Three Mill Road<br>Suite 206<br>Wilmington, DE  19806<br>Attorney for Defendant |

# EXHIBIT 2

LAW OFFICES

# ABER, GOLDLUST, BAKER & OVER

(AN ASSOCIATION OF LAW PRACTICES)
702 KING STREET, SUITE 600
P.O. BOX 1675
WILMINGTON, DELAWARE 19899-1675

GARY W. ABER, P.C.
PERRY F. GOLDLUST, P.A.*
DARRELL J. BAKER, P.A.
SUSAN C. OVER, P.C.
JOANNE A. SHALLCROSS**
SHAUNA T. HAGAN

(302) 472-4900
TELECOPIER (302) 472-4920

June 1, 2005

*ALSO ADMITTED IN NEW YORK
**ALSO ADMITTED IN PENNSYLVANIA

Raymond W. Cobb, Esquire
Three Mill Road, Suite 206
Wilmington, DE 19806

RE:   Quartarone v. Kohls

Dear Mr. Cobb:

On May 20, 2005 Judge Robinson entered an order directing that you provide certain additional discovery in response to my Motion to Compel. Would you please let me know when I might receive that discovery. I would like to avoid any further involvement of the Court in this matter if possible.

Thank you for your assistance and cooperation.

Yours very truly,

Gary W. Aber

GWA/mac

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that two copies of the attached pleading were sent by electronic mail on June 22, 2005 to the following counsel:

        Raymond W. Cobb, Esquire
        Three Mill Road, Suite 206
        Wilmington, DE  19806

                                            Melissa A. Chionchio
                                            Secretary to Gary W. Aber