UNITED STATES DISTRICT COURT
District of Delaware

| | |
|---|---|
| ANTHONY J. QUARTARONE, Individually, and ANTHONY J. QUARTARONE, as next friend of MARIO QUARTARONE, a minor,<br><br>Plaintiffs,<br><br>v.<br><br>KOHL'S DEPARTMENT STORES, INC.,<br><br>Defendant. | Civil Action No. 04-380-SLR<br><br>Jury Trial Demanded |

### REPLY TO PLAINTIFF'S MOTION FOR SANCTIONS

Defendant responds to Plaintiff's (sic) Motion for Sanctions pursuant to FRCP 37 as follows:

1. Admitted.

2. Admitted.

3. Admitted in part, denied in part. It is admitted that Plaintiffs had served discovery in this matter. It is denied that as of February 15, 2005 no responses had been served. On or about October 8, 2004, Defendant first responded to Plaintiffs' discovery requests; this response included a response to Plaintiffs' Request for Production. This response was supplemented on February 28, 2005 and on May 13, 2005.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Denied. By way of further response, after receiving the June 1 correspondence, counsel for the Defendant forwarded documents to counsel for the Plaintiffs by letter of June 3,

2005. (Attached hereto as Exhibit "A") The filing of this Motion is first notice that counsel received that Plaintiffs claim not to have received these documents. As a result, counsel for the Defendant is having documents, with the exception of those responsive to Request No. 6, hand delivered to Plaintiffs' counsel on June 29, 2005 (Attached hereto as Exhibit "B"). The information responsive to Request No. 6 is still being complied and will be provided by counsel upon receipt.

10. Denied. By way of further response, defendant has responded and/or objected to all discovery requests in a timely manner. To the extent that there have been delays or failures to provide discovery, it is the Plaintiffs who have failed to identify experts in conformance with the Case Scheduling Order. Defendant has responded to all discovery requests in a timely manner.

## FURTHER RESPONSE

11. The request for sanctions by Plaintiffs is misplaced given that Defendant did provide the requested discovery and sought an extension of time to provide additional responses. Counsel for Defendant was operating under the assumption that the documents had been received Plaintiffs' counsel and that Plaintiffs' counsel, by his silence, had acquiesced to an extension of time to provide additional documents not in counsel's possession.

12. The sanction requested by Plaintiffs' counsel for a default judgment is draconian given that Defendant had filed initial timely responses to all discovery, had supplemented the discovery responses on two prior occasions, and had sent documents in counsel's possession that were responsive to this Court's Order in a timely manner following the entry of the Order. There has been no showing of intent to disobey this Court's Order or to avoid participating in the discovery process, rather, there is at most, an error on the part of counsel in assuming that Plaintiffs' counsel had received documents and had granted a routine courtesy to another Delaware lawyer by granting a brief extension of time for Defendant to produce documents.

13. The sanction requested by Plaintiffs is extreme given that there is no willful or intentional neglect on the part of the Defendant. Federal Rule of Civil Procedure 37(d) provides that the Court may such orders as a re just. A default judgment in a case where there are meritorious defenses is not just. Here, the failure to comply could possibly be deemed negligence or mistake on the part of counsel for the Defendant. In such cases, default is not an appropriate remedy. *Dunn v. Pa. R.R.*, 96 F.Supp. 597 (N.D. Ohio 1951) (default in providing discovery is caused by counsel's ignorance of federal practice); *Maurer-Neuer, Inc. v. United Packinghouse Workers*, 26 F.R.D. 139 (D.Kans.1960) (failure to provide discovery is due to counsel's preoccupation with another aspect of case). These cases do hold that the imposition of fees and expenses may be an appropriate sanction.

14. There has been no pattern or prior failures to make discovery in this case by Defendant. There has been substantial compliance with this Court's order and total compliance will occur in the near term. Therefore, a sanction of default is unwarranted, not just given the minor nature of the alleged non-compliance, and this Court could impose much lesser sanction, which is in keeping with the nature of the alleged non-compliance, such as the imposition of fees and costs

**WHEREFORE**, Defendant respectfully requests that Plaintiff's (sic) Motion for Sanctions be denied.

RAYMOND W. COBB, LLC

*/s/ Raymond W. Cobb*
RAYMOND W. COBB
Three Mill Road
Suite 206
Wilmington, DE 19806
(302) 777-4100
Attorney for Defendant

DATE:    June 29, 2005

# EXHIBIT A

*Law Office*

# RAYMOND W. COBB, LLC

Three Mill Road
Suite 206
Wilmington, Delaware 19806
(302) 777-4100
Facsimile
(302) 777-4111

June 3, 2005

Gary W. Aber, Esquire
Aber, Goldlust, Baker & Over
702 King Street, Suite 600
Wilmington, DE 19899

    RE:    **Quartarone v. Kohl's**
               <u>**C.A. No. 04-38(SLR)**</u>

Dear Gary:

    Thank you for your recent letter. I was unaware of the Court's Order because it appears my spam filter caught the e-mail message. I do not have information responsive to Request No. 6 in my possession; therefore, I will need to request it from my client. I assume that you will allow me additional time to obtain this information given that I was unaware of the Court's Order until your letter. If you are not so inclined, please advise me so that I can make application to the Court for additional time.

    Enclosed please find a copy of the Kohl's manual relative to security that was requested. Please accept this as an update to Defendant's previously filed discovery responses in this matter.

    If you require a more formal supplementation, please advise us in writing.

                                                   Very truly yours,

                                                   Raymond W. Cobb

RWC/nb
Enclosure

# EXHIBIT B

*Law Office*

# RAYMOND W. COBB, LLC

Three Mill Road
Suite 206
Wilmington, Delaware 19806
(302) 777-4100
Facsimile
(302) 777-4111

June 29, 2005

**VIA HAND DELIVERY**
Gary W. Aber, Esquire
Aber, Goldlust, Baker & Over
702 King Street, Suite 600
Wilmington, DE 19899

    RE: **Quartarone v. Kohl's**
           **C.A. No. 04-38(SLR)**

Dear Gary:

    I am in receipt of the Motion for Sanctions that you filed. I am enclosing a copy of my June 3, 2005 letter to you. I am assuming from reviewing the Motion that you are claiming not to have received this letter. I recall discussing another issue in this case regarding documents that you stated you had not received. I do not know if the problem is my office or in your office, but there is obviously a problem. I am again enclosing documents responsive to the Request for Production relating to policies of Kohl's. If you require a more formal supplementation, please advise us in writing.

    As indicated in my earlier letter, I am requesting an extension of time to provide you with responses to Request No. 6. I anticipate receiving whatever documents that can be located shortly, and will provide them to you. In light of the fact that I thought your silence in response to my letter was acquiescence to an extension of time, I am requesting that you withdraw the Motion. Would you please contact me to discuss this issue?

    Thank you for your cooperation in this matter.

                                      Very truly yours,

                                      Raymond W. Cobb

RWC/nb
Enclosure

## CERTIFICATE OF SERVICE

I, **Raymond W. Cobb,** hereby certify that on this 29th day of June, 2005 I caused to be served upon plaintiff's counsel a correct copies of the Defendant's Reply to Plaintiff's Motion for Sanctions electronically to the following:

    Gary W. Aber, Esquire
    Aber, Goldlust, Baker & Over
    702 King Street
    P O Box 1675
    Wilmington, DE 19899

/s/ Raymond W. Cobb
RAYMOND W. COBB
Three Mill Road
Suite 206
Wilmington, DE 19806
(302) 777-4100
Attorney for Defendant