# ABER, GOLDLUST, BAKER & OVER

### (AN ASSOCIATION OF LAW PRACTICES)
### 702 KING STREET, SUITE 600
### P.O. BOX 1675
### WILMINGTON, DELAWARE 19899-1675

GARY W. ABER, P.C.
PERRY F. GOLDUST, P.A.
DARRELL J. BAKER, P.A.
SUSAN C. OVER
SHAUNA HAGAN

(302) 472-4900
TELECOPIER (302) 472-4920

September 8, 2005

•ALSO ADMITTED IN NEW YORK
••ALSO ADMITTED IN PENNSYLVANIA

The Honorable Sue L. Robinson
United States District Court
844 King Street
Wilmington, DE  19801

RE:  Quartarone v. Kohl's
     C.A. No.: 04-380 (SLR)

Dear Chief Judge Robinson:

I am enclosing with this letter the plaintiff's version of the following documents:

1.    Plaintiff's Pre-trial Stipulation

2.    Plaintiff's Proposed Jury Instructions (w/disk in Microsoft Word Format)

3.    Plaintiff's Proposed Verdict Sheet (w/disk in Microsoft Word Format)

I file these matters at this time out an abundance of caution.  It is still my hope to hear from defendant's counsel and file joint documents tomorrow.

Respectfully,

Gary W. Aber

GWA/mac
Enclosures
cc:    Raymond W. Cobb, Esquire

## IN THE UNITED STATES DISTRICT COURT

## IN AND FOR NEW CASTLE COUNT

ANTHONY J. QUARTARONE,⠀⠀⠀⠀)
Individually, and ANTHONY J.⠀⠀)
QUARTARONE, as next of friend of⠀)
MARIO QUARTARONE, a minor,⠀⠀)⠀⠀⠀C.A. No.  04-380-(SLR)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀Plaintiffs,⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
KOHL'S DEPARTMENT STORES, INC.⠀)
a Delaware Corporation.⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀Defendant⠀⠀⠀⠀⠀⠀)

## **PRETRIAL ORDER**

The plaintiff, Anthony Quartarone, and as next of friend of Mario Quartarone, by their

attorney, Gary W. Aber, Esquire, and the defendant, Kohl's Department Stores, Inc., by their

attorney Raymond W. Cobb, Esquire, submit the following proposed Pre-Trial Order.

## **STATEMENT OF THE CASE**

1.⠀⠀**Plaintiff's Statement**:  This was an action originally brought in the Superior

Court of The State of Delaware, and removed to this Court by the defendant.  The plaintiff seeks

relief under 42 U.S.C. §1981 and a common law claim for malicious prosecution.

The facts that give rise to this indicate that on March 9, 2002, the plaintiff's entered a

store owned and operated by the defendant on Concord Pike to shop for a pair of sneakers for the

minor plaintiff.  After selecting a pair of sneakers for the minor plaintiff, letting him wear it, the

adult plaintiff attempted to "lose" the old sneakers, because his eight year old son had a habit of

wanting to keep the sneakers.

The plaintiffs and their acquaintance, then spent some more time shopping and

purchasing other shoes, and several pairs of pants.  The parties then approached the cashier, paid

for all the merchandise they had purchased by a check, with the adult plaintiff's name, address, and telephone number on it, in the amount of $171.95. Unfortunately, the adult plaintiff had forgotten the minor plaintiff was still wearing the new sneakers.

As they exited the store, they were stopped by the defendant's security officers, and asked to return to the security office. The plaintiffs and their companion complied. Once in the office, they initially cooperated, but after being held for more than an hour, with no indication of how the situation was going to be handled, the plaintiff insisted that the police be called. Eventually the police were called, and as a result of the complaint made by the defendant's employees, the plaintiff was charged with a violation of 11 Del.C. §841, "Shoplifting".

Subsequently, a trial was held in the Court of Common Pleas for the State of Delaware, on that criminal charge, and the plaintiff was found "not guilty" with a finding that the issue was merely a mistake and the plaintiff had just forgotten to pay for the sneakers.

As a direct result of the actions of the defendant in causing a criminal charge to be brought against the plaintiff, the plaintiff was forced to expend great sums of money to defend the criminal trial as well as medical expenses for treating the psychological trauma suffered by his son. Also, the plaintiff himself, suffered emotional stress as a result of the described events.

2.      **Defendants' Statement**:

## BASIS OF JURISDICTION

3.      This case arises under the provisions of 42 U.S.C. §1981. The matter was removed to this Court pursuant to the provisions of 28 U.S.C. §1441 by the defendant, and the defendant contends that this Court has original jurisdiction under 29 U.S.C. §1001 et.seq.

## STATEMENT OF ADMITTED FACTS

4.      Kohls Department Store is a Delaware Corporation.(Complaint and Answer, ¶3).

5.      The defendant owns and operates a department store located at Route 202, Concord Pike, New Castle County, Delaware. .(Complaint and Answer, ¶6).

6.      The defendant extended to the public its accommodations, advantages, and privileges, and invited the public and all persons desiring its accommodations and privileges into its retail establishment. .(Complaint and Answer, ¶7).

7.      The plaintiff paid for merchandise at the defendant's store by check in the amount of $171.95, with his name, address, and telephone number on the check. .(Complaint and Answer, ¶8; Defendant's Answers to Interrogatory, No. 8).

8.      Defendant caused criminal charges to be brought against the plaintiff, specifically in violation of 11 Del.C. §841(e). .(Complaint and Answer, ¶16).

9.      The Court of Common Pleas, for the State of Delaware, in and for New Castle County entered a finding of not guilty on all criminal charges brought against the plaintiff. .(Complaint and Answer, ¶19).

10.     The Court of Common Please for the State of Delaware in and for New Castle County made a factual finding that the adult plaintiff had made a mistake in forgetting to pay for the shoes wore by his minor son out of defendant's store, and there was no criminal intent. (CCP Transcript 153-154).

## ISSUES OF FACT

(a)     Whether the defendant identified the plaintiffs as potential shoplifters based upon their perception of the plaintiffs as members of the Hispanic race.

(b)     Whether the plaintiff suffered any financial injuries as a result of the actions of the defendant.

(c)     Whether the adult plaintiff suffered any injuries as a result of the actions of the defendant.

(d)     Whether the minor plaintiff suffered any psychological injury as a result of the actions of the defendant.

## ISSUES OF LAW

(a)    Whether the defendant is "precluded" under the doctrine of "Issue Preclusion" from denying that the plaintiff was not guilty of any criminal act.

## EXHIBITS

| 11. | **Plaintiff's Exhibits** | **Defendant's Objections** |
|---|---|---|
| PX-1 | Plaintiff's Check to Kohl's | |
| PX-2 | Kohl's Case Report | |
| PX-3 | Kohl's Lost Prevention Policies (Excerpts) | |
| PX-4 | Kohl's Surveillance Films | |
| PX-5 | CCP Transcript Excerpts | |
| PX-6 | Medical Records of Mario Quatarone from Kenneth Stecker, Ph.D. | |

The plaintiff reserves the right to submit into evidence any exhibit listed by the defendant, which is not otherwise objectionable.

| 12. | **Defendant's Exhibits** | **Plaintiff's Objections** |
|---|---|---|

## WITNESSES

13.    **Plaintiff's Witnesses**

Anthony Quartarone

Mario Quartarone

Emanual Maria

Kenneth Stecker, Ph.D. (Treating Phsychologist)

14.    **Defendant's Witnesses**


**STATEMENT OF PLAINTIFF**

15.    The plaintiff intends to prove that on March 9, 2002 when he was entered the department store operated by the defendant, he had absolutely no intention of stealing or shoplifting any merchandise.  Rather, in an effort to purchase new shoes for his eight year old son, and to prevent his son from saving the old worn out shoes, he had his son wear the new shoes, selected by the child, out of the store, and, after having notified the store of his name, address, and telephone number, forgot to pay for the shoes.  The evidence will indicate that this was proven beyond a reasonable doubt to be the result of an honest unintentional mistake by the plaintiff.  Nevertheless, the defendant maliciously in an effort to demonstrate to the plaintiff their authority, cause the plaintiff to be prosecuted even though the plaintiff attempted, initially, to fully cooperate with the defendant, and it was only after the plaintiff insisted that the police be contacted, so that he could leave the premises where he had been held for over hour, that the defendant initiated proceedings, which initiated in criminal prosecution of the plaintiff.  These actions all caused great financial damage to the plaintiff, as well as emotional injuries to both the adult and minor plaintiff.

**STATEMENT OF DEFENDANT**

16.

## AMENDMENT OF PLEADINGS

17.    None.

## CERTIFICATION OF COMMUNICATIONS

18.    Plaintiff has attempted to negotiate this matter and/or have it mediated but the defendant refuses all communications.

## OTHER MATTERS

19.    The parties agree that the plaintiff need not present any economic evidence as to Kohl's financial condition in order to seek recovery of punitive damages.  By this agreement the defendant does not concede in anyway that the plaintiff is entitled to punitive damages, and in fact will object to any instruction concerning punitive damages.

THIS ORDER SHALL CONTROL THE SUBSEQUENT COURSE OF THE ACTION UNLESS MODIFIED BY THE COURT TO PREVENT MANIFEST JUSTICE.


**SO ORDERED** this _____day of _____, 2005.


_____
The Honorable Sue L. Robinson, C.J.


ABER, GOLDLUST,  BAKER & OVER          LAW OFFICE OF RAYMOND W. COBB


_____          _____
GARY W. ABER (DSB #754)               RAYMOND W. COBB (DSB #2653)
702 King Street, Suite 600            Three Mill Road, Suite 206
P.O. Box 1675                         Wilmington, DE  19806
Wilmington, DE  19899                 302-777-4100
302- 472-4900                         Attorney for Defendant
Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

ANTHONY J. QUARTARONE,　　　　)
Individually, and ANTHONY J.　　　)
QUARTARONE, as next of friend of　)
MARIO QUARTARONE, a minor,　　)　　　C.A. No.　04-380 (SLR)
　　　　　　　　　　　　　　　　　)
　　　　　Plaintiffs,　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　v.　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
KOHL'S DEPARTMENT STORES, INC.　)
a Delaware Corporation.　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　Defendant　　　　　　　　)

## THE PARTIES JOINTLY REQUESTED JURY INSTRUCTIONS

Gary W. Aber, Esquire
Aber, Goldlust, Baker & Over
702 King Street, Suite 600
P.O. Box 1675
Wilmington, DE  19899
302-472-4900
Attorney for Plaintiff

Raymond W. Cobb, Esquire
Three Mill Road, Suite 206
Wilmington, DE  19806
302-777-4100
Attorney for Defendant

DATED:

# TABLE OF CONTENTS

Page No.

PRELIMINARY JURY INSTRUCTIONS     iv

INTRODUCTION     9

PROVINCE OF THE JURY     10

FUNCTION OF THE JURY     11

WEIGHT OF THE ARGUMENT OF COUNSEL     12

EVIDENCE     13

EVIDENCE -- DIRECT OR CIRCUMSTANTIAL     14

EVIDENCE - DEPOSITION     15

EXPERT TESTIMONY     16

CONSIDERATION OF EVIDENCE     17

CREDIBILITY OF WITNESSES     18

CONFLICTING TESTIMONY     19

PREPONDERANCE OF THE EVIDENCE     20

THE NATURE OF THE CLAIM     21

THE STATUTE DEFINING THE CLAIM     22

ELEMENTS OF MALICIOUS PROSECUTION     23

THE PRESENCE OF MALICE     24

PROBABLE CAUSE DEFINED     25

DAMAGES GENERALLY     26

DAMAGES FOR MENTAL SUFFERING                                    28

PUNITIVE DAMAGES                                               29

COURT HAS NO OPINION                                           30

DELIBERATION AND VERDICT                                       31

UNANIMOUS VERDICT                                              32

## PRELIMINARY JURY INSTRUCTIONS

Members of the Jury:

Now that you have been sworn, I have the following preliminary instructions for guidance on your role as jurors in this case.

### Duty of Jury

It will be your duty to find what the facts are from the evidence as presented at the trial. You, and you alone, are the judges of the facts. You will have to apply those facts as you find the to the law as I will instruct you at the close of the evidence. You must follow that law whether you agree with it or not.

Nothing I may say or do during the course of the trial is intended to indicate what your verdict should be.

### Evidence

The evidence from which you will find the facts will consist of the testimony of witnesses, and the documents and other things admitted into evidence. In addition, the evidence may include certain facts as agreed to by the parties or as I instruct you.

Certain things are not evidence. They include:

1.    Statements, arguments, and questions by lawyers are not evidence.

2.    Objections to quest evidence. Lawyers have an obligation to their clients to make an objection when they believe testimony or exhibits being offered into evidence are not admissible under the Rules of Evidence. You should not be influenced by a lawyer's objection or by my ruling on the objection. If I sustain or uphold the objection, you should ignore the question or document in question. If I overrule an objection and allow the matter into evidence, treat the testimony or document like any other evidence. If I instruct you that some item of

evidence is admitted for a limited purpose, you must follow that instruction and consider that evidence for that purpose only. If this does occur during the trial, I will try to clarify this for you at that time.

3.    You  should not consider testimony and documents I have excluded and not admitted into evidence.

4.    Anything you see or hear outside the courtroom is not evidence and must be disregarded. You are to decide this case solely on the evidence presented here in the courtroom.

There are two kinds of evidence: direct and circumstantial.  Direct evidence is direct proof of a fact, such as testimony of an eyewitness.  Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist.  I will give you further instructions on these as well as other matters at the end of the case, but have in mind that you may consider both kinds of evidence.

It will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject.  I will give you some guidelines for determining the credibility of witnesses at the end of the case.

### Burden of Proof

This is a civil case.  The Plaintiff has the burden of proving his case by what is called the preponderance of the evidence.  That means the Plaintiff has to produce evidence which, when considered in the light of all the facts, leads you to believe that what the Plaintiff claims is more likely true than not.  To put it differently, if you were to put Plaintiff's and Defendant's evidence on opposite sides of a scale, the evidence supporting Plaintiff's claims would have to make the scales tip somewhat on his side.  If Plaintiff fails to meet his burden, your verdict must be for the Defendant.

Those of you who have sat in on criminal cases will have heard the term "proof beyond a reasonable doubt." That requirement does not apply to a civil case and you should, therefore, put it out of your in mind in considering whether or not the Plaintiff has met his burden of proof by a preponderance of the evidence in this case.

### Summary of Applicable Law

In this case, the plaintiff, Anthony J. Quartarone, brings this action on his own behalf, and on behalf of his son, Mario Quartarone. Mr. Quartarone contends that Kohl's Department Store surveilled him, and accused him of shoplifting based, in part, upon the perception that he was of Hispanic heritage. In addition, Mr. Quartarone believes, once Kohl's realized that he had made a mistake, they nevertheless proceeded to have him prosecuted for shoplifting, a charge for which he was ultimately found to be not guilty.

Kohl's denies that it acted improperly in anyway towards Mr. Quartarone.

### Conduct of the Jury

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial and until you have heard all of the evidence and retired to the jury room to deliberate, you are not to discuss the case with anyone, not even among yourselves. If anyone should try to talk to you about the case, bring it to my attention promptly.

Second, do not read or listen to anything touching on this case but is not admitted into evidence. By that I mean, if there is a newspaper article or radio or television report relating to this case, do not read the article or watch or listen to the report. In addition, do not try to do any independent research or investigation on your own on matters relating to the case.

Finally, do not reach any conclusion as to the claims until all of the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

If you wish, you may take notes. My courtroom deputy will arrange for pens, pencils, and paper. If you do take notes, leave them in the jury room when you leave at night. And remember that they are for your own personal use -- they are not to be given or read to anyone else.

Incidentally, as you see, we have a court reporter here who will be transcribing the testimony during the course of the trial. You should not assume that the transcripts of this testimony will be available for your review during your deliberations. I do not suggest that you look to your note taking as a substitute for that written transcript. Instead, as you listen to the testimony, keep in mind that you will be relying on your recollection of the testimony during your deliberations.

## Course of the Trial

As you can see, I have a computer on the bench. During the course of the trial you may hear me typing. I am not playing a computer game. Frequently, I find it is helpful to take notes on the evidence during the course of the trial. If you find it distracting please let me know.

The trial will now begin. First, each side may make an opening statement. An opening statement is neither evidence nor argument. It is an outline of what that party intends to prove, and is presented to help you follow the evidence as it is offered.

After the opening statements, the Plaintiff will present his witnesses, and Defendant may cross-examine them. After the Plaintiff concludes his case, the Defendant will present witnesses, which may be cross-examined by the Plaintiff.

After that, I will give you instructions on the law and the attorneys will make their closing arguments to summarize and interpret the evidence for you.

You will then retire to deliberate on your verdict.

## INTRODUCTION

Ladies and Gentlemen:

This is an action brought by Anthony Quartarone on behalf of himself, and his son, Mario Quartarone. This claim arises under the Federal Statute known as the Civil Rights Act of 1965. That statute makes it illegal for any person to deny an individual the ability to make or enforce contracts based upon their race. In this case, Mr. Quartarone contends that he was treated improperly by Kohl's, because Kohl's perceived him to be of Hispanic heritage.

Mr. Quartarone also contends that once Kohl's realized that he had made a mistake in failing to pay for a pair of his son's sneakers, they nevertheless proceeded to have him arrested and prosecuted for the crime of shoplifting, a charge for which he was ultimately found to be not guilty.

Kohl's Department Store denies that it acted improperly in anyway or with improper motives.

The factual contentions for the parties have been related to you by the attorneys, and I will not review such contentions, but it is my duty to explain to you certain principles of law which you must consider in your deliberations of this case. Stating to you the legal contentions of the parties, you must bear in mid that I state them only as contentions, and not as facts. It is for you to decide the facts in this case.

## **PROVINCE OF THE JURY**

You have been chosen and sworn as jurors in this case to try the issues of fact presented by the allegations of the Complaint by the Plaintiff against the Defendant. You are to perform this duty without bias or prejudice as to any of the parties. The parties and the public expect that you will carefully and impartially consider all the evidence in this case, follow the law as stated by the Court, and reach a just verdict, regardless of the consequences.

## **FUNCTION OF THE JURY**

You are the sole and exclusive judges of the facts of this case and of the credibility of the witnesses and of the weight and the value that you give to the testimony of each witness.  This Court does not comment on the evidence.  It is proper, however, that I explain to you the principles of law that I consider are applicable to this case.  You, then, should apply these principles, if you consider them applicable to the probative facts as you best recall them.

## WEIGHT OF ARGUMENT OF COUNSEL

Counsel for the Plaintiff and Counsel for the Defendant have each ably discussed before you the facts in this case and the inference which they believe you should draw from the facts. Counsel are permitted to do this. However, in the final analysis, though they are permitted to argue before you in order to help you, it is your final determination as to what the true facts are and what reasonable inference you should draw from the facts. Thus, you may consider the arguments of counsel solely as an aid to help you in your determination as to what the facts are, but in the final analysis, you are the sole judge of the facts.

## **EVIDENCE**

During the course of this trial, I have often been called upon to rule on objections which have been made by counsel concerning the offer of evidence. Whether the evidence is admissible or inadmissible is purely a question of law for the Court. If I have sustained an objection to the offer of any evidence, you should not of course give any consideration to that evidence or speculate on what the evidence might be. Likewise, if I have ordered any evidence stricken or any exhibits stricken, you must to the extent humanly possible erase and remove the effects of that evidence from your mind.

On the other hand, in admitting evidence, I do not pass upon its weight. I merely rule that it has some bearing, some relevancy to the issues in this case. The weight of the evidence, the impact which the evidence has upon the issues is solely a matter for the jury, and in admitting evidence, I do not and should not and you should not consider that I have made any indication of the weight of the evidence.

You are of course the sole and exclusive judges of the facts of the case. You are also the judges of the credibility. By that I mean the believability of every witness and of the weight and value to be given to their testimony.

## EVIDENCE -- DIRECT OR CIRCUMSTANTIAL

There are, generally speaking, two types of evidence from which a jury may possibly find the truth as to the facts of a case. One type is direct evidence, such as the testimony by an eyewitness of what he observed, or such as a document which contains matter in issue. The other type of evidence is indirect or circumstantial evidence, which is direct evidence of one fact from which the existence of a second fact can be inferred. That second fact is inferred by reason of what seems to you to be its probability, according to human experience and common sense; and we say then that the second fact was proved by circumstantial evidence. A jury is warranted in basing a finding on circumstantial evidence when, from the facts shown by direct evidence, in the jury's judgment the finding is more probable than a contrary finding.

As a general rule, the law makes no distinction between direct or circumstantial evidence by simply requires that the jury find the facts in accordance with the preponderance of all the evidence in the case, whether direct or circumstantial or both.

## EVIDENCE - DEPOSITION

During the trial of this case certain testimony either has been read to you by way of deposition.  Any such testimony is entitled to the same consideration and, insofar as possible, is to be judged as to credibility and weighed by the jury in the same way as if the witness had been present.

## EXPERT TESTIMONY

During the trial, you heard testimony of various persons who because of experience, education, and/or training, are offered as experts in certain fields. These witnesses were permitted to testify even though they did not actually witness any of the events involved in the trial.

A person's training and experience may make him/her a true expert in a technical field. The law allows that person to state an opinion about the matters in that particular field. Merely because that person has expressed an opinion does not mean, however, that you must accept this opinion. The same as with any other witness, it is up to you to decide whether to believe the testimony and choose to rely upon it. You, the jury, should take into consideration the expert's means of knowledge, the reasons he assigns for the opinions he is given, any possible bias or prejudice he may have, and give credence to his testimony as you may find his qualifications and basis for his opinions sufficient and his reasons satisfactory. The testimony of experts is to be considered like any other testimony and is to be tried by the same tests and receive just as much weight and credit as the jury may deem it to be entitled to in view of the connection with all the evidence in the case.

## CONSIDERATION OF EVIDENCE

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

## CREDIBILITY OF WITNESSES

In determining the weight to give the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely about some important fact, or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something that was different from the testimony he gave at the trial.

You should remember that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth. People may tend to forget some things or remember other things inaccurately. If a witness has made a misstatement, you must consider whether it was simply an innocent lapse of memory or an intentional falsehood, and that may depend upon whether it concerns an unimportant fact or an unimportant detail.

## CONFLICTING TESTIMONY

When the testimony is conflicting, the jury should endeavor to reconcile it so that the whole may be harmonious.  If this cannot be done, then it becomes your duty to estimate and weigh in your minds the value of the testimony on the respective sides and give your verdict to that side upon which the testimony is of the greater weight or preponderance, and most worthy of credit.  In estimating such weight, the jury are to consider the witnesses' means of knowledge of the facts about which they testified, their intelligence, their apparent truthfulness and fairness, and any other facts or circumstances shown with respect to the witnesses that show the reliability of their statements.

## **PREPONDERANCE OF THE EVIDENCE**

The term "preponderance of the evidence", which I may refer to, means to prove something more likely so than not so.  In other words, a preponderance of the evidence means such evidence as when considered and compared with that opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

## **THE NATURE OF THE CLAIM**

It is unlawful for any person to discriminate against another person, based upon either their race, or their perceived membership in a race.  The claim of the plaintiff under the Civil Rights Act of 1965 requires the proof of three elements. Those elements are:

1.    The plaintiff is a member of a protected class.

2.    The defendant had the intent to discriminate on the basis of race.

3.    The discrimination interfered with a protected activity.

In this case, it is contended that the plaintiff was a member of a protected class, in that it was perceived by Kohl's that he was a member of the Hispanic race, and that Kohl's intended to interfere with is right to engage in commercial activities, that is, purchase goods without harassment, in violation of the statute. 42 U.S.C. §1981, Hampton v. Dillard's Department Store, Inc., 247 F.2d 109 (10th Cir. 2001). LaRocca v. Precision Motor Cars, Inc., 45 F.Supp.2d 702 (D.Neb. 1999). Estate of Amos v. City of Paige, 257 F.3d 1086.

## THE STATUTE DEFINING THE CLAIM

The provisions of 42 U.S.C. §1981 provide:

> "All persons within the jurisdiction of the United States shall have
> the same right in every state and territory to make and enforce contracts
> to sue, be parties, give evidence, and to the full and equal protection of
> laws and proceedings for the security of persons and property as enjoyed
> by white citizens, and shall be subject to punishment, pains, penalties,
> taxes, licenses, and exactions of every kind, and to no other."

## ELEMENTS OF THE MALICIOUS PROSECUTION

The plaintiffs bring this claim against the defendant, Kohl's Department store for claims arising out of their detention and arrest, and subsequent prosecution, for mistakenly failing to pay for a pair of a child's shoes.  In order to bring a claim for malicious prosecution there are six elements the plaintiff must prove:

1.     A prior institution of judicial proceedings against the plaintiff.

2.     The former proceedings must be by or at the insistence of the defendant.

3.     The former proceedings must have been terminated in favor of the plaintiff here, there, the defendant.

4.     There must have been malice in the institution of the former proceeding.

5.     There must have been probable cause for the institution of such proceedings.

6.     There must have been injury or damage resulting to the plaintiff from the former proceedings.

Stidham v. Diamond State Brewery, Inc., 21 A.2d 283 (Del.Super. 1941)

## <u>THE PRESENCE OF MALICE</u>

One of the elements of malicious prosecution is the presence of malice. The element of malice in a claim for malicious prosecution does not require the showing of ill will, or an actual grudge. Malice may exist where the prosecution of a suit is done for a wrongful improper purpose. It is exists where the primary purpose of the prosecution is other than bringing the offender to justice. <u>Stidham v. Diamond State Brewery, Inc.</u>, 21 A.2d 283 (Del.Super. 1941); <u>Wilson v. Draper King Cole, Inc.</u>, 1986 WL 3638 (Del.Super. 1986).

In the facts which arise in this case, a discriminatory purpose may serve as a finding of malice.

## **PROBABLE CAUSE DEFINED**

Another element for the claim of malicious prosecution is that there must have been no probable cause for the institution of criminal proceedings. The failure of a party brining a criminal prosecution to make full and complete disclosure of all facts to the appropriate parties may indicate that there was a lack of probable cause for the bringing of criminal charges. The person who brings about a criminal prosecution has a duty to use care to acquire all of the facts, and is obligated to make those facts known to the proper authorities. <u>Cluley v. Elkton Realty Company</u>, 179 A.2d 93 (Del.Super. 1962), <u>Taylor v. Wolhar and Moore, P.A.</u>, 1985 WL 552278 (Del.Super. 1967).

## DAMAGES GENERALLY

I now discuss the award of damages in this case. I should say preliminarily that my instructions of damages are not to be intended as any indication by the Court as to whether damages should or should not be awarded in this case. You must first determine the liability on the part of the Defendant. If you determine that the Defendant is liable for injuries and damages suffered by the Plaintiff, you must then consider the instructions that I am about to give you.

The object and purpose of an award of damages in a civil action is a just, fair, and reasonable compensation for the harm and injury done in the past to the Plaintiff, and for the injury and damages he will suffer in the future. Certain guiding principles of law with regard to these damages should be employed by you in arriving at the amount of your award.

One principle of law is that the damages to be recoverable must be provided with reasonable probability and not left to speculation. Damages are termed speculative when there is a mere possibility rather than a reasonable probability that an injury or loss will occur or will exist in the future. Certain guiding principles of law with regard to these damages should be employed by you in arriving at the amount of your award.

You must not allow any sympathy you might have or entertain for any of the parties in this case to influence you. I do not charge you not to feel sympathy for the parties in this case, since it is only natural and human to sympathize with a person who has been injured as Mr. Quartarone has been. I do charge you to allow that sympathy to enter into your consideration of the case and to influence your verdict.

If you determine based on the evidence and on the instructions I give to you that the defendant is liable to the plaintiffs, Anthony Quartarone and/or Mario Quartarone, then you

should award the plaintiffs such sums of money which will reasonably and fully compensate them for each of the following elements of damages:

1.      Such sum of money as will reasonably compensate the Quartarones for the mental injuries they have suffered in the past.

2.      Such sum of money as will reasonably compensate the Quartarones for legal expenses they have incurred.

3.      Such sum of money as will reasonably compensate the Quartarones for their mental injuries, which they may suffer in the future.

## DAMAGES FOR MENTAL SUFFERING

Probably the most difficult element of damages to assess is mental suffering. You are instructed that there is no set standard or yardstick to measure the monetary value of mental suffering, but you must use your common experience and good judgment in arriving at a sum of money which would reasonably compensate Plaintiff for the mental suffering you find he has experienced in the past and that which you find he will experience in the future.

While Plaintiff carries the burden of proving his damages by a preponderance of the evidence, he is neither required nor permitted to claim and prove with mathematical precision exact sums of money representing his damages for pain and suffering. It is required only that a Plaintiff furnish evidence of sufficient facts and circumstances to permit you, the jury, to make a probable estimate of those damages.

In evaluating mental suffering, you should look to the evidence and consider the length of time of suffering, whether it will continue into the future, and whether it was or will be continuous or intermittent. You should consider the effect it has had on Mr. Quartarone's life in the past, since the termination of her employment.

The law does not prescribe any definite standard by which to compensate an injured person for pain and suffering, nor does it require that any witness should have expressed an opinion as to the amount of damages that would compensate for such injury. Your award should be just and reasonable in light of the evidence and sufficiently reasonable to compensate the Plaintiff.

## PUNITIVE DAMAGES

If you find for the plaintiff, the law allows you to consider, but does not require you to award punitive damages against the defendant. The purposes for punitive damages are to punish a defendant for its conduct and is to serve as an example or warning to the defendant and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against the defendant. You may assess punitive damages only if you find that the conduct of the defendant's employees was intentional, with malice or with reckless indifference of the plaintiff's rights. You should not however, award plaintiff punitive damages if the defendant proves that it acted in good faith.

Any award for punitive damages should not be disproportionate to the award of compensatory damage, but rather should be in some reasonable relationship to it. If you do award punitive damages, you should fix the amount using calm discretion and sound reason. You must not be influenced by sympathy or for dislike of any party in the case.

If you determine that Kohl's conduct justifies an award of punitive damages, you may award an amount of punitive damages, which all jurors agree are proper. In fixing the amount, you should consider the following questions:

1.    How offensive was the conduct?

2.    What amount is needed to prevent further repetition?

3.    Does the amount of punitive damages have a reasonable relationship to the compensatory damages awarded?

Devitt Blackmar & Wolff, Federal Jury Practice and Instructions, §§104.07 (1996).

## **COURT HAS NO OPINION**

Let me finish up by repeating something that I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  You decide for yourselves if the Plaintiff has proved his case with a preponderance of the evidence.

## DELIBERATION AND VERDICT

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson, who by custom of this Court is Juror No. 1.

One more thing about messages. Do not ever write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that you are split 6-2, or 4-4, or whatever your vote happens to be. That should stay secret until you are finished.

## **UNANIMOUS VERDICT**

It is my duty to instruct you ladies and gentlemen of the jury that your verdict must be unanimous. In other words, all of you must agree upon the verdict that you render in this case.

If you find for the Plaintiff, you should return a verdict for the Plaintiff and award a lump sum dollar amount.

If you find for the defendant, you should return a verdict finding for the Defendant.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

ANTHONY J. QUARTARONE,        )
Individually, and ANTHONY J.        )
QUARTARONE, as next of friend of  )
MARIO QUARTARONE, a minor,    )   C.A. No.  04-380 (SLR)
                               )
        Plaintiffs,          )
                               )
     v.                       )
                               )
KOHL'S DEPARTMENT STORES, INC.  )
a Delaware Corporation.         )
                               )
        Defendant        )

## PLAINTIFF'S PROPOSED VERDICT FORM

1.     Do you find that the plaintiff, Anthony Quartarone, has met his burden of proving by a preponderance of the evidence, that Kohl's Department Store discriminated against him based upon their perception of his race.

       Yes_____      No_____

*(After you have answered this question proceed to Question No. 2)*

2.     Do you find that the plaintiff, Anthony Quartarone, has meant his burden of proof by a preponderance of the evidence, that Kohl's Department Store maliciously caused him to be prosecuted for a criminal charge, which later resulted in a finding of not guilty.

       Yes_____      No_____

*(If your answer to either Question, 1 or 2 is "Yes", proceed to Question No. 3. If your answers to Questions 1 and 2 are **both** "No", proceed no further and advise the Deputy Clerk that you have reached a verdict).*

3.      Do you find that the plaintiff Mario Quartarone has meant his burden of proof that has suffered injury and/or damages as a proximate result of Kohl's actions.

Yes_____          No_____

*(If your answer to Question No. 3 is "Yes", proceed to Question No. 4. If you answered "No" to Question No. 3, proceed no further and advise the clerk that you have reached a verdict)*

4.      In what amount do you award the plaintiff compensatory damages.

$_____

5.      Do you find that Kohl's Department Store acted either intentionally, recklessly, or maliciously in its actions towards the plaintiffs.

Yes_____          No_____

*(If you answered "Yes" to Question No. 5, proceed to Question No. 6, if you answered "No" advise the clerk you have reached a verdict).*

6.      What amount do you award the plaintiff punitive damages.

$_____

_____
FOREPERSON

DATED:

ABER, GOLDLUST,  BAKER & OVER

_____

GARY W. ABER (DSB #754)
702 King Street, Suite 600
P.O. Box 1675
Wilmington, DE  19899
302-472-4900
Attorney for Plaintiff

DATED:  July 28, 2005