IN THE UNITED STATES DISTRICT COURT

IN AND FOR NEW CASTLE COUNT

| | |
|---|---|
| ANTHONY J. QUARTARONE, Individually, and ANTHONY J. QUARTARONE, as next of friend of MARIO QUARTARONE, a minor,<br><br>Plaintiffs,<br><br>v.<br><br>KOHL'S DEPARTMENT STORES, INC. a Delaware Corporation.<br><br>Defendant | C.A. No. 04-380-(SLR) |

### PRETRIAL ORDER

The plaintiff, Anthony Quartarone, and as next of friend of Mario Quartarone, by their attorney, Gary W. Aber, Esquire, and the defendant, Kohl's Department Stores, Inc., by their attorney Raymond W. Cobb, Esquire, submit the following proposed Pre-Trial Order.

### STATEMENT OF THE CASE

1.  **Plaintiff's Statement**: This was an action originally brought in the Superior Court of The State of Delaware, and removed to this Court by the defendant. The plaintiff seeks relief under 42 U.S.C. §1981 and a common law claim for malicious prosecution.

The facts that give rise to this indicate that on March 9, 2002, the plaintiff's entered a store owned and operated by the defendant on Concord Pike to shop for a pair of sneakers for the minor plaintiff. After selecting a pair of sneakers for the minor plaintiff, letting him wear it, the adult plaintiff attempted to "lose" the old sneakers, because his eight year old son had a habit of wanting to keep the sneakers.

The plaintiffs and their acquaintance, then spent some more time shopping and purchasing other shoes, and several pairs of pants. The parties then approached the cashier, paid

for all the merchandise they had purchased by a check, with the adult plaintiff's name, address, and telephone number on it, in the amount of $171.95. Unfortunately, the adult plaintiff had forgotten the minor plaintiff was still wearing the new sneakers.

As they exited the store, they were stopped by the defendant's security officers, and asked to return to the security office. The plaintiffs and their companion complied. Once in the office, they initially cooperated, but after being held for more than an hour, with no indication of how the situation was going to be handled, the plaintiff insisted that the police be called. Eventually the police were called, and as a result of the complaint made by the defendant's employees, the plaintiff was charged with a violation of 11 Del.C. §841, "Shoplifting".

Subsequently, a trial was held in the Court of Common Pleas for the State of Delaware, on that criminal charge, and the plaintiff was found "not guilty" with a finding that the issue was merely a mistake and the plaintiff had just forgotten to pay for the sneakers.

As a direct result of the actions of the defendant in causing a criminal charge to be brought against the plaintiff, the plaintiff was forced to expend great sums of money to defend the criminal trial as well as medical expenses for treating the psychological trauma suffered by his son. Also, the plaintiff himself, suffered emotional stress as a result of the described events.

2. **Defendants' Statement**:

Anthony Quartarone removed merchandise from the Kohl's store located on the Concord Pike without paying for same. As a result Anthony Quartarone was stopped by Kohl's security personnel and ultimately arrested by the Delaware State Police. Anthony Quartarone has filed this lawsuit alleging in the Complaint that both he and his son, Mario, are of Hispanic nationality. However, during discovery plaintiff has indicated that both he and his son are white males and not of Hispanic origin. Nevertheless plaintiff is seeking relief under 42 U.S.C. §1981 alleging that he was discriminated against apparently because he appears Hispanic. Additionally

plaintiff has brought a common law claim for malicious prosecution. Defendant has denied all allegations of fault or liability, denies that plaintiff can bring a claim under the Civil Rights Act, denies the nature and extent of plaintiffs' alleged damages, and asserts it acted based upon probable cause. Additionally, Kohl's disputes that the minor plaintiff Mario Quartarone has standing to bring any claim because he was not charged with any crime.

## BASIS OF JURISDICTION

3. This case arises under the provisions of 42 U.S.C. §1981. The matter was removed to this Court pursuant to the provisions of 28 U.S.C. §1441 by the defendant, and the defendant contends that this Court has original jurisdiction under 29 U.S.C. §1001 et.seq.

## STATEMENT OF ADMITTED FACTS

**PLAINTIFF:**

4. Kohls Department Store is a Delaware Corporation.(Complaint and Answer, ¶3).

5. The defendant owns and operates a department store located at Route 202, Concord Pike, New Castle County, Delaware. .(Complaint and Answer, ¶6).

6. The defendant extended to the public its accommodations, advantages, and privileges, and invited the public and all persons desiring its accommodations and privileges into its retail establishment. .(Complaint and Answer, ¶7).

7. The plaintiff paid for merchandise at the defendant's store by check in the amount of $171.95, with his name, address, and telephone number on the check. .(Complaint and Answer, ¶8; Defendant's Answers to Interrogatory, No. 8).

8. Defendant caused criminal charges to be brought against the plaintiff, specifically in violation of 11 Del.C. §841(e). .(Complaint and Answer, ¶16).

9. The Court of Common Pleas, for the State of Delaware, in and for New Castle County entered a finding of not guilty on all criminal charges brought against the plaintiff. .(Complaint and Answer, ¶19).

10. The Court of Common Please for the State of Delaware in and for New Castle County made a factual finding that the adult plaintiff had made a mistake in forgetting to pay for the shoes wore by his minor son out of defendant's store, and there was no criminal intent. (CCP Transcript 153-154).

Defendant does not admit facts 7, 8, 9 and 10.

Defendant does not admit that No. 6 is a statement of fact but rather believes it is a conclusion of law.

**DEFENDANT:**

(a) Plaintiff Anthony J. Quartarone and Mario Quartarone are white males (see Plaintiffs' Discovery).

(b) Plaintiff Mario Quartarone was not arrested or charged with any crime (see Plaintiffs' Discovery).

(c) Plaintiff Mario Quartarone was not detained by Kohl's personnel.

(d) On March 9, 2002 Plaintiff Anthony J. Quartarone took merchandise from the Kohl's store without paying for same.

## ISSUES OF FACT

**PLAINTIFF:**

(a) Whether the defendant identified the plaintiffs as potential shoplifters based upon their perception of the plaintiffs as members of the Hispanic race.

(b) Whether the plaintiff suffered any financial injuries as a result of the actions of the defendant.

(c) Whether the adult plaintiff suffered any injuries as a result of the actions of the defendant.

(d) Whether the minor plaintiff suffered any psychological injury as a result of the actions of the defendant.

**DEFENDANT:**

(a) Whether Plaintiff Mario Quartarone took or caused to be taken merchandise (sneakers) from the Kohl's store without paying for these items.

(b) Whether Kohl's had probable cause to stop Anthony Quartarone.

(c) The nature and extent of plaintiffs' damages, if any.

## ISSUES OF LAW

**PLAINTIFF:**

(a) Whether the defendant is "precluded" under the doctrine of "Issue Preclusion" from denying that the plaintiff was not guilty of any criminal act.

**DEFENDANTS:**

(a) Whether Plaintiff Mario Quartarone has standing to bring any claim against Kohl's because no acts have been alleged to have been done by Kohl's against him.

(b) Whether Plaintiff Anthony Quartarone can bring a claim under 42 *U.S.C.* §1981 because he is a white male and not a member of any class sought to be protected by said statute?

(c) Whether Plaintiff Anthony Quartarone can assert a claim for wrongful prosecution against Kohl's when the prosecution was instituted by the State of Delaware?

(d) Whether Plaintiff has established any conduct sufficient to allow the issue of punitive damages to proceed to trial?

(e) Defendant Kohl's incorporates the issues raised in its pending Motion for Summary Judgment.

## EXHIBITS

| 11. | **Plaintiff's Exhibits** | **Defendant's Objections** |
|---|---|---|
| PX-1 | Plaintiff's Check to Kohl's | |
| PX-2 | Kohl's Case Report | |
| PX-3 | Kohl's Lost Prevention Policies (Excerpts) | |
| PX-4 | Kohl's Surveillance Films | |
| PX-5 | CCP Transcript Excerpts | |
| PX-6 | Medical Records of Mario Quatarone from Kenneth Stecker, Ph.D. | |

The plaintiff reserves the right to submit into evidence any exhibit listed by the defendant, which is not otherwise objectionable.

PX-5 Defendant reserves all objections as the specific excerpts have not been identified.

PX-3 Defendant reserves all objections as the specific excerpts have not been identified.

PX-6 Defendant objects as these documents have only been produced within the last 30 days. Additionally, defendant objects to Kenneth Stecker testifying as Kenneth Stecker was not identified as expert within the time frame put forth in the Case Scheduling Order.

12.  **Defendant's Exhibits**                                **Plaintiff's Objections**

   Kohl's surveillance videotape

   The shoes worn by Mario Quartarone on March 9, 2002

Defendant reserves the right to use any exhibit listed by plaintiff.

## WITNESSES

13.  **Plaintiff's Witnesses**

   Anthony Quartarone

   Mario Quartarone

   Emanual Maria

   Kenneth Stecker, Ph.D. (Treating Phsychologist)

Defendant objects to Kenneth Stecker testifying. Plaintiff did not identify any medical experts within the time deadlines imposed in the Case Scheduling Order.

14.  **Defendant's Witnesses**

   Patrick Twisler c/o Kohl's

   Michael Markson c/o Kohl's

Defendant reserves the right to call any witness listed by plaintiff.

## STATEMENT OF PLAINTIFF

15. The plaintiff intends to prove that on March 9, 2002 when he was entered the department store operated by the defendant, he had absolutely no intention of stealing or shoplifting any merchandise. Rather, in an effort to purchase new shoes for his eight year old son, and to prevent his son from saving the old worn out shoes, he had his son wear the new shoes, selected by the child, out of the store, and, after having notified the store of his name, address, and telephone number, forgot to pay for the shoes. The evidence will indicate that this was proven beyond a reasonable doubt to be the result of an honest unintentional mistake by the plaintiff. Nevertheless, the defendant maliciously in an effort to demonstrate to the plaintiff their authority, cause the plaintiff to be prosecuted even though the plaintiff attempted, initially, to fully cooperate with the defendant, and it was only after the plaintiff insisted that the police be contacted, so that he could leave the premises where he had been held for over hour, that the defendant initiated proceedings, which initiated in criminal prosecution of the plaintiff. These actions all caused great financial damage to the plaintiff, as well as emotional injuries to both the adult and minor plaintiff.

## STATEMENT OF DEFENDANT

16. Plaintiff Anthony J. Quartarone while shopping at the Kohl's store located on Concord Pike, removed shoes being worn by his son Mario Quartarone and replaced them with sneakers belonging to Kohl's. Mr. Quartarone then discarded his son's used shoes in the Kohl's store, hid the box which originally contained the sneakers belonging to Kohl's which were being offered for sale, and subsequently left the Kohl's Department Store without paying for the sneakers being worn by his son. As a result of Anthony Quartarone's actions, Kohl's security personnel had probable cause to stop Anthony Quartarone; Anthony Quartarone was subsequently arrested by the Delaware State Police and charged by the State of Delaware.

Kohl's denies that it acted in any manner which violated any rights. Kohl's did not violate Mr. Quartarone's civil rights or maliciously prosecute Mr. Quartarone. Additionally, Kohl's did act with probable cause based upon the actions of Anthony Quartarone and did not stop the plaintiff because of his alleged Hispanic appearance; rather Anthony Quartarone was stopped because he took merchandise from the Kohl's store without paying for same. Additionally, Kohl's will prove plaintiffs are not members of any protected class but are white males.

## AMENDMENT OF PLEADINGS

17.     None.

## CERTIFICATION OF COMMUNICATIONS

18.     **PLAINTIFF:**

Plaintiff has attempted to negotiate this matter and/or have it mediated but the defendant indicated that it was not interested in mediation.

**DEFENDANT:**

This matter was previously scheduled for mediation before Magistrate Mary Pat Thynge. Prior to the Mediation discussions occurred between counsel for the parties and Magistrate Thynge regarding the case. Given the respective positions of the parties, Magistrate Thynge advised the parties that the Mediation would not be a useful endeavor and cancelled same. To date plaintiff has made no settlement demand.

## OTHER MATTERS

19.     The parties agree that the plaintiff need not present any economic evidence as to Kohl's financial condition in order to seek recovery of punitive damages. By this agreement the defendant does not concede in anyway that the plaintiff is entitled to punitive damages, and in fact will object to any instruction concerning punitive damages.

Kohl's Motion for Summary Judgment is outstanding.

THIS ORDER SHALL CONTROL THE SUBSEQUENT COURSE OF THE ACTION UNLESS MODIFIED BY THE COURT TO PREVENT MANIFEST JUSTICE.

**SO ORDERED** this _____ day of _____, 2005.

_____
The Honorable Sue L. Robinson, C.J.

| ABER, GOLDLUST, BAKER & OVER | LAW OFFICE OF RAYMOND W. COBB |
|---|---|
| GARY W. ABER (DSB #754)<br>702 King Street, Suite 600<br>P.O. Box 1675<br>Wilmington, DE 19899<br>302- 472-4900<br>Attorney for Plaintiff | RAYMOND W. COBB (DSB #2653)<br>Three Mill Road, Suite 206<br>Wilmington, DE 19806<br>302-777-4100<br>Attorney for Defendant |