IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANTHONY J. QUARTARONE, individually and as next friend of MARIO QUARTARONE, a minor,<br><br>   Plaintiffs,<br><br> v.<br><br>KOHL'S DEPARTMENT STORES, INC.,<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civ. No. 04-380-SLR<br>)<br>)<br>)<br>)<br>)<br>) |

Gary W. Aber, Esquire, of Aber, Goldlust, Baker & Over, Wilmington, Delaware, counsel for plaintiffs.

Raymond W. Cobb, Esquire, of Raymond W. Cobb, LLC, Wilmington, Delaware, counsel for defendant.

MEMORANDUM OPINION

Dated: September 12, 2005
Wilmington, Delaware

ROBINSON, Chief Judge

I. INTRODUCTION

In March 2004, plaintiffs Anthony J. Quartarone, individually and as next friend of his son, filed suit in the Superior Court of the State of Delaware in and for New Castle County against defendant Kohl's Department Stores, Inc. ("Kohl's"). In their complaint, plaintiffs assert two claims for relief, that Kohl's violated their civil rights, in violation of 42 U.S.C. § 1981, and maliciously prosecuted Mr. Quartarone for shoplifting, in violation of the common law of Delaware. The case was removed to this court, pursuant to 28 U.S.C. § 1441, without objection by plaintiffs. This court has jurisdiction pursuant to 28 U.S.C. § 1331. Pending before the court is defendant Kohl's motion for summary judgment. For the reasons that follow, said motion shall be granted.

II. FACTUAL BACKGROUND

For purposes of this proceeding, the relevant facts are undisputed.

Plaintiffs are individuals residing in New Castle County, Delaware. Defendant Kohl's is a corporation organized and existing under the laws of the State of Delaware, and the owner and operator of a retail establishment known as Kohl's Department Store located in New Castle County, Delaware. (D. 1, complaint at ¶¶ 1-3, 6)

In March 2002, plaintiffs entered Kohl's for the purpose of

purchasing merchandise, including shoes and clothing for the minor plaintiff. (D.I. 1, complaint at ¶ 7) After shopping in the store, plaintiffs entered the cashier line and proceeded to pay for the merchandise presented to the cashier, for a total sales price of $171.95. (Id. at ¶ 9) After completing their transaction and as they were leaving the store, plaintiffs were stopped by security personnel employed by Kohl's. At that time, plaintiffs were informed that the minor plaintiff was wearing a pair of shoes for which Mr. Quartarone had not paid. (Id. at ¶ 11) Mr. Quartarone was accused of shoplifting. (Id. at ¶ 12) He claimed in response that he had forgotten his son was wearing the shoes and offered to pay for them. (Id. at ¶ 13) Instead, Kohl's summoned the Delaware State Police and Mr. Quartarone was arrested and charged with criminal conduct. (Id. at ¶ 14) The charges were resolved in his favor after trial in the Court of Common Pleas of the State of Delaware in and for New Castle County. (Id. at 19)

### III. STANDARD OF REVIEW

A court shall grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that no

genuine issue of material fact exists. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 n.10 (1986). "Facts that could alter the outcome are 'material,' and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct." Horowitz v. Fed. Kemper Life Assurance Co., 57 F.3d 300, 302 n.1 (3d Cir. 1995) (internal citations omitted). If the moving party has demonstrated an absence of material fact, the nonmoving party then "must come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e)). The court will "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion." Pa. Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995). The mere existence of some evidence in support of the nonmoving party, however, will not be sufficient for denial of a motion for summary judgment; there must be enough evidence to enable a jury reasonably to find for the nonmoving party on that issue. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

IV. **DISCUSSION**

Plaintiffs claim that "[t]he actions of the defendant prevented the plaintiffs from contracting with the defendant in the same manner as white citizens, and as such constituted a violation of 42 U.S.C. § 1981."[1] (Id. at ¶ 20) In order to establish a prima facie case under § 1981, plaintiffs must demonstrate: (1) that they are members of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in § 1981. Lewis v. J.C. Penney Co., Inc., 948 F. Supp. 367, 371 (D. Del. 1996). See also Hampton v. Dillard Department Stores, Inc., 247 F.3d 1091, 1102 (10th Cir. 2001). Upon a prima facie showing by plaintiffs, defendant may

---

[1]Section 1981 provides in pertinent part as follows:

(a) Statement of equal rights: All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefits of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

(b) "Make and enforce contracts" defined: For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

(c) Protection against impairment: The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of state law.

come forward with legitimate, nondiscriminatory reasons for its actions, which plaintiffs may attack as pretextual.

In this case, the court finds that plaintiffs have failed to establish a required element of their cause of action, to wit, they have not established that the alleged discrimination concerned one or more of the activities enumerated in § 1981.[2] More specifically, and consistent with the analysis of the court in Lewis v. J.C. Penney Co., Inc., 948 F. Supp. at 371-372,[3] plaintiffs have failed to prove that Kohl's interfered with their contractual rights in the context of any implicit retail contract they might have had with Kohl's.  There is no dispute that plaintiffs were permitted to shop and to pay for merchandise before leaving Kohl's.  There likewise is no dispute that

---

[2] For purposes of this proceeding, the court will assume that plaintiffs have established an intent to discriminate based on their race, because defendant Kohl's failed to complete discovery on these issues. The court notes, however, that because plaintiffs are Caucasians of Italian American descent, it would be their burden to demonstrate that Kohl's perceived them to be members of a minority group and intentionally discriminated against them on that basis.

[3] Plaintiffs cite the case of Nwakpuda v. Falley's Inc., 14 F. Supp. 2d 1213 (D. Kan. 1998), for the proposition that § 1981 "has been recognized as the basis of a claim for relief, where a member of a protected class is falsely accused of shoplifting." (D.I. 25 at 19) The district court in that case declined to dismiss the complaint, holding that the pleadings contained therein were adequate to pass muster under Federal Rule of Civil Procedure 8. Although plaintiff in that case alleged that the defendant store had detained him "without a factual basis, for an unreasonable time and in an unreasonable manner, because of his race," id. at 1217, the court's analysis was conducted under Rule 8, not under § 1981.

plaintiffs completed their transaction with Kohl's without paying for the shoes that Mr. Quartarone's son was wearing. Indeed, plaintiffs do not dispute that there was probable cause for the shoplifting charge; their dispute is with the continued prosecution of the charge once Mr. Quartarone had offered his explanation, which explanation was ultimately accepted by a judge after trial. (D.I. 25 at 13)

Plaintiffs have not cited a single case which stands for the proposition that § 1981 protects customers from harassment upon entering a retail establishment, absent evidence that the customer was prevented from, or otherwise hampered in, transacting business with the retail establishment because of his/her race. Indeed, in Hampton v. Dillard Department Stores, Inc., cited by plaintiffs, the United States Court of Appeals for the Tenth Circuit specifically declined to extend § 1981 "beyond the contours of a contract. We are aligned with all the courts that have addressed the issue that there must have been interference with a contract beyond the mere expectation of being treated without discrimination while shopping." Id. at 1118. In that case, the Tenth Circuit Court of Appeals found that a plaintiff who had not made or attempted to make a purchase at the defendant retail store had no cause of action under § 1981, even though she was falsely accused of shoplifting as she tried to use a fragrance coupon before leaving the store. Because plaintiffs

at bar were not denied a service or a product by Kohl's, they cannot maintain their cause of action under § 1981 against Kohl's.

## IV. CONCLUSION

For the reasons stated, plaintiffs have failed to prove their prima facie case of discrimination under § 1981. The court does not have original jurisdiction over plaintiffs' malicious prosecution claim, and declines to exercise supplemental jurisdiction over that claim, pursuant to 28 U.S.C. § 1367(c)(3). Therefore, defendant's motion for summary judgment is granted.

An order consistent with this conclusion shall follow.